## CIRCUIT COURT OF FAIRFAX COUNTY

Rita C. Bogush

v.

John Peter Bogush

November 13, 1992

Case No. (Chancery) 120584

BY JUDGE GERALD BRUCE LEE

This matter was heard by the Court ore tenus for equitable distribution pursuant to Virginia Code § 20–107.3, as amended. The Court, after hearing the testimony of both parties, their witnesses, considering the exhibits orders that a court appointed appraiser conduct an independent review of FSM Leasing, Inc., and render an opinion to the court for consideration in connection with equitable distribution of the property for the reasons which follow.

### Concealment of Financial Records Motion in Limine

At trial, Mrs. Bogush moved the Court to exclude the testimony of Mr. Bogush's expert concerning the value of FSM Leasing, Inc., and for sanctions pursuant to Rule 4:12(a)(4). Mrs. Bogush alleged that Mr. Bogush withheld corporate financial information from her accountant, Mr. James Johnson, CPA. The Court heard the testimony of Mr. James Johnson, CPA, Mr. Anatole Richmond, CPA, and Mr. John Bogush in connection with the motion.

The Court after due consideration of the testimony finds that Mrs. Bogush submitted proper interrogatories and request for the production of documents requiring the production of FSM Leasing, Inc.'s financial statements, accountant's compilations, and general ledgers to Mr. Bogush. Mr. Bogush was interviewed by Mr. Johnson, on two separate occasions. Mr. Bogush represented to Mr. Johnson that FSM Leasing, Inc., did not have financial books in the usual sense. Mr.

Bogush represented that FSM Leasing, Inc.'s checking account records, contract files and tax returns were the company's primary financial records. Mr. Bogush did not inform Mr. Johnson that a computer at his desk in his office contained a general ledger spread sheet. Mr. Bogush did not provide Mr. Johnson with any explanation of the operation of the Shearson-Lehman accounts detailing the differences between the escrow and operating account.[1] The evidence revealed that Mr. Bogush provided numerous financial statements and Accountant's Compilations for 1987, 1988 and 1989 to his accountant, Mr. Anatole Richmond, CPA. The aforementioned financial records Mr. Bogush provided to Mr. Richmond were not provided to Mrs. Bogush's counsel until August 5, 1992, five days before the *ore tenus* hearing. Mr. Johnson completed nearly forty-nine hours of work analyzing the value of the corporation by August 5, 1992.

After considering the arguments of counsel and the evidence, the Court ruled that Mr. Bogush willfully obstructed essential discovery material to the case. The Court entered an order limiting the testimony of Mr. Bogush's accountant to use of the financial information made available to Mr. Johnson, primarily, checking account statements, tax returns and other financial data produced in discovery.

The majority of the equitable distribution hearing was devoted to expert witness testimony regarding the value of FSM Leasing, Inc. The issue of the value of FSM Leasing, Inc., was hotly contested by the parties. The disparity in expert opinion as to the value of this closely-held corporation was wide. Mr. Bogush's expert, Anatole Richmond, CPA, values the corporation at $41,659.00. Mrs. Bogush's expert, Mr. James Johnson, CPA, values the corporation at over $1,000,000.

### The Testimony of Mr. James E. Johnson, CPA

Mr. Johnson testified that in his opinion the fair market value of FSM Leasing, Inc. is $1,173,344.00.

Mrs. Bogush's counsel propounded proper interrogatories, request for production of documents and other discovery requests upon Mr. Bogush concerning financial data and the financial records of FSM

---

[1] The corporation maintained an escrow account which held large sums of lender's funds in connection with leases. The operating account was the general working account of the corporation.

Leasing, Inc. This financial information was necessary for proper analysis of the value of the corporation.

Mr. Johnson met with Mr. Bogush and conducted a review of the operations, books and financial records of FSM Leasing, Inc.

Mr. Bogush's conduct is relevant for purposes of consideration of the evidence submitted by Mr. Johnson. Mr. Bogush did not produce the requested financial records to Mr. Johnson. Additionally Mr. Bogush did not explain the operation of the Shearson Lehman accounts to Mr. Johnson. In sum, Mr. Bogush obstructed discovery and willfully failed to disclose key financial data to Mr. Johnson which was essential to his consideration of the corporation's value.[2] As a result of Mr. Bogush's conduct, Mr. Johnson was deprived of access to the corporation's general ledgers, proper financial statements, computer records, Accountant's Compilations and substantive information about the operation and purposes of the Shearson Lehman "escrow account." Therefore, the Court finds that Mr. Johnson's opinion as to the value of the corporation, his calculation of income, and excess earnings are based on faulty footing and cannot be considered.[3]

### Sanctions for Discovery Abuse

The Court now rules on the request for sanctions,[4] attorney's fees, accountant's fees and costs taken under advisement at the hearing prior to trial. The Court is of the opinion that sanctions and orders in connection with this discovery abuse are proper and just. Rules of Supreme Court of Virginia 4:12.

The impact of the discovery problem concerning FSM Leasing, Inc., on the equitable distribution hearing was considerable. As the court considered this equitable distribution case under advisement it

---

[2] "The reasonableness of any valuation depends upon the judgment and experience of the appraiser and *the completeness of the information upon which his conclusions are based . . . The goal is to arrive at a fair market value for a stock for which there is no market. To do this, the IRS recommends that 'all available financial data, as well as all relevant factors affecting fair market value, should be considered'* . . . ." [Emphasis added.] *Bosserman v. Bosserman,* 9 Va. App. 1, 8, n. 1, 384 S.E.2d 104, 109, n. 1 (1989).

[3] The Defendant's Proposed Findings of Fact detail numerous grounds why Mr. Johnson's opinion is faulty. The court finds that many of the attacks on Mr. Johnson's opinion stem from his consideration of an escrow account and lack of access to the proper financial records.

[4] The court finds that Mr. Bogush's counsel acted in good faith and produced some of FSM Leasing, Inc., financial records.

became apparent that the absence of a reliable opinion from Mrs. Bogush would be prejudicial to determination of the equitable distribution award.

The Court finds that Mr. Bogush deliberately concealed material records from Mrs. Bogush's accountant, Mr. Johnson. Mr. Bogush knew that financial records were vital to proper consideration of the value of his corporation. Mr. Bogush holds a degree in accounting and the success of his business is based upon his considerable financial skills. Mr. Bogush's lack of candor about the corporation's financial records, ledger, the escrow account and withholding of corporation financial records irreparably fouled the consideration of Mr. Johnson's expert testimony. The court after considering some six plus hours of expert testimony and extensive computations could not consider Mr. Johnson's opinion as a result of Mr. Bogush's conduct. Moreover, Mrs. Bogush was deprived of her evidence on the issue of value of this marital property as a result of Mr. Bogush's misconduct.

It is the judgment of the Court that as a sanction for willfully obstructing discovery, Mr. Bogush is ordered to pay to Thompson, Greenspoon & Company the sum of $27,080.00. This sum represents that amount the Court finds is properly attributable to Mr. Bogush's conduct. Additionally, Mr. Bogush is ordered to pay attorney's fees associated with the preparation of expert testimony concerning the value of the corporation and expense associated [with] this motion in the amount of $6000.00 to Sandground, Barondess & West, P.C. These sums are to be satisfied from Mr. Bogush's share of marital assets. The Court orders that Mr. Bogush is enjoined from access to the equity representing the proceeds from the sale of the marital residence until the sanctions award is paid in full.

In fairness to the parties, the Court cannot base its opinion on equitable distribution solely on Mr. Bogush's evidence. Mrs. Bogush is entitled to present evidence on the issue of the value of FSM Leasing, Inc., to the Court.

The Court orders that Mrs. Bogush submit to the Court the names of three appraisers, excluding Mr. Johnson, for consideration for appointment by the court to render an opinion to the Court as to the value of FSM Leasing, Inc., for Mrs. Bogush. The cost of the court appointed appraiser will be borne by Mr. Bogush as a part of the sanctions imposed in connection with the motion in limine. After the appraisal report is received by the court an additional hearing ore

tenus will be held limited to the court-appointed appraiser's opinion as to valuation of FSM Leasing, Inc. Mr. Bogush is ordered to answer any questions asked by the court appointed appraiser regarding FSM Leasing, Inc., under oath and to produce any records or data requested in writing by the court's appraiser. The Court further orders that Mr. Bogush may not oppose requests for documents or records and is prohibited from introducing any additional evidence of value of the corporation at the *ore tenus* hearing. Mr. Bogush may cross-examine the court appointed appraiser at the hearing.