Present: Carrico, C.J., Lacy, Keenan, Koontz, Kinser, and
Lemons, JJ., and Stephenson, S.J.

EDITH S. SCALES

                                        OPINION BY
v.  Record No. 000959    SENIOR JUSTICE ROSCOE B. STEPHENSON, JR.
                                        March 2, 2001
ALLEN N. LEWIS, JR., ET AL.

              FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                        James B. Wilkinson, Judge

     In this appeal, we determine whether the trial court erred

in granting (1) a plea of res judicata and collateral estoppel

in favor of one defendant and (2) a plea of judicial estoppel in

favor of two other defendants.

                                  I

     On August 13, 1998, Edith S. Scales filed an action against

Allen N. Lewis, Jr., and also against Dwayne E. Spann and Cal-

Ark International, Inc., Spann's employer (collectively, Spann).

Scales sought recovery for damages for personal injuries

sustained in a motor vehicle collision that occurred on April

10, 1997.  Lewis filed a plea of res judicata and/or collateral

estoppel, and Spann filed a plea of judicial estoppel.  The

trial judge granted both pleas and entered final judgments in

favor of all defendants.  We awarded Scales this appeal.

                                 II

     Prior to the present case, Government Employees Insurance

Company (GEICO), Scales' insurer, filed a subrogation action

against Lewis on September 11, 1997, in the Henrico County

General District Court. Pursuant to Code § 38.2-207, the action was filed in Scales' name. GEICO sought to recover from Lewis monies it had paid to Scales under the uninsured motorist provisions of its insurance policy issued to Scales.

GEICO alleged that it had paid Scales $494.65 for property damages Scales had sustained in the April 10, 1997 collision. GEICO further alleged that Lewis, an uninsured motorist, had negligently operated his motor vehicle and that his negligence was a proximate cause of Scales' damages. Lewis denied that he had been negligent and alleged that Scales was guilty of negligence which barred GEICO's recovery.

In the trial of the present case, the defendants presented the following record from the general district court: (1) the warrant in debt, (2) the bill of particulars filed by GEICO, and (3) the grounds of defense filed by Lewis. The defendants did not present a transcript of the proceedings.

The warrant in debt form offered in the present case, in the section entitled "Case Disposition," provided spaces for four possible decisions by the general district court. The court could have, by marking the appropriate box, entered judgment for the plaintiff, entered judgment for the defendant, declared a non-suit, or dismissed the case. The general district court did not enter judgment for either the plaintiff

2

or the defendant; instead, the court marked the case "DISMISSED."

### III

We first consider whether the trial court erred in granting Lewis' pleas of res judicata and collateral estoppel. The doctrine of res judicata precludes parties from relitigating the same cause of action when a valid, final judgment was previously entered. Bates v. Devers, 214 Va. 667, 670-71, 202 S.E.2d 917, 920-21 (1974). The doctrine of collateral estoppel precludes parties to a prior action from litigating in a subsequent action any factual issue that was actually litigated and essential to a valid, final judgment in the prior action. For the doctrine of collateral estoppel to apply, the following requirements must be established:

> (1) the parties to the prior and subsequent proceedings, or their privies, must be the same, (2) the factual issue sought to be litigated actually must have been litigated in the prior action, (3) the factual issue must have been essential to the judgment in the prior proceeding, and (4) the prior action must have resulted in a judgment that is valid, final, and against the party against whom the doctrine is sought to be applied. In addition to these elements, there also must be "mutuality," i.e., a litigant cannot invoke collateral estoppel unless he would have been bound had the litigation of the issue in the prior action reached the opposite result.

Angstadt v. Atlantic Mutual Ins. Co., 249 Va. 444, 446-47, 457 S.E.2d 86, 87 (1995) (citations omitted).

3

It is firmly established that the party who asserts the defenses of res judicata or collateral estoppel has the burden of proving by a preponderance of the evidence that the claim or issue is precluded by a prior judgment. Bates, 214 Va. at 671, 202 S.E.2d at 921. In order to prove that a claim or issue is precluded by a former adjudication, "'the record of the prior action must be offered in evidence.'" Bernau v. Nealon, 219 Va. 1039, 1041, 254 S.E.2d 82, 84 (1979) (quoting Burk's Pleading and Practice § 357 at 675 (4th ed. 1952)). Thus, "consideration of facts outside of and not made a part of the record is improper." Id. at 1041-42, 254 S.E.2d at 84.

In the present case, Lewis asserted the defenses of res judicata and collateral estoppel, and, therefore, he had the burden of proving that the claim or question had been in issue and determined in the prior subrogation action. See Feldman v. Rucker, 201 Va. 11, 18, 109 S.E.2d 379, 384 (1959). Scales contends that Bernau required Lewis to offer into evidence a transcript of the proceedings in the general district court. We do not agree. While a transcript might be useful, it is not essential in every case. For example, a general district court could enter an order that contains a detailed summary of the proceedings or, if requested by a party, sign a statement of facts.

4

Nevertheless, although Lewis offered into evidence the record of the general district court, we conclude that the record is insufficient to establish res judicata or collateral estoppel. To the contrary, the record in the prior matter shows that the general district court did not enter a valid, final judgment against Scales, the party against whom the doctrines were sought to be applied in the present case. Consequently, we hold that the trial court erred in ruling that Scales' action against Lewis is barred by res judicata and collateral estoppel.

IV

We next consider whether the trial court erred in granting Spann's plea of judicial estoppel. Spann contends that, because GEICO elected to proceed only against Lewis in the general district court, Scales is "judicially estopped from alleging, inconsistently, that Spann . . . [was] a direct and proximate cause of the accident." Spann further contends that, pursuant to Burch v. Grace Street Bldg. Corp., 168 Va. 329, 340, 191 S.E. 672, 677 (1937), Scales is prohibited from "asserting inconsistent or mutually contradictory positions in the course of successive lawsuits with respect to the same fact or set of facts." We do not agree that the doctrine of judicial estoppel applies in the present case.

In the general district court, GEICO alleged in its bill of particulars that the damage to Scales' automobile was "a direct

5

and proximate result" of Lewis' negligence.  (Emphasis added.)
GEICO did not claim, as Spann incorrectly asserts, that Lewis'
negligence was the proximate cause of Scales' damages.  Thus,
Scales has not taken inconsistent positions and is not precluded
from proceeding against Spann in the present case.  See Code
§ 8.01-443 ("A judgment against one of several joint wrongdoers
shall not bar the prosecution of an action against any or all
others, but the injured party may bring separate actions against
the wrongdoers and proceed to judgment in each.")  Consequently,
we hold that the trial court erred in ruling that Scales' action
against Spann is barred by judicial estoppel.

V

For the foregoing reasons, we will reverse the trial
court's judgment and remand the case for further proceedings
consistent with this opinion.

Reversed and remanded.