# CIRCUIT COURT OF THE CITY OF NORFOLK

MDM Associates

    v.

Johns Brothers
Energy Technologies, Inc.,
JFB, Inc.,
and Tate Engineering
Systems, Inc.

September 13, 2003

Case No. (Law) L01-1190

BY JUDGE CHARLES D. GRIFFITH, JR.

On October 17, 2002, Plaintiff MDM Associates (MDM) filed an Amended Motion for Judgment against the following Defendants: Johns Brothers Energy Technologies (JBET), JFB, Inc. (JFB), and Tate Engineering Systems, Inc. (Tate). In its Motion, MDM alleges that Defendants are liable for damages allegedly caused by the installation of a defective boiler. More specifically, MDM alleges breach of contract, breach of express and implied warranties, and constructive and actual fraud against JBET and JFB. Regarding Defendant Tate, MDM also alleges constructive and actual fraud. MDM demands judgment against Defendants for both compensatory and punitive damages.

The relevant facts, as alleged in Plaintiff's Amended Motion for Judgment, are as follows. MDM, the owner of an apartment building known as Pembroke Towers Apartments, sought to replace its heating system in 1997. Am. Mot. for J., ¶¶ 1 – 2. MDM contacted Energy Technologies, Inc. (ETI), which had provided maintenance to the existing heating system, to solicit a proposal for a new boiler. *Id.*, ¶ 2. Defendant JBET is the succeeding

corporation of ETI, which changed its corporate name to JFB, Inc., and is allegedly liable for ETI's acts. *Id.*, ¶¶ 11–12, 23.

ETI and Defendant Tate inspected Plaintiff's premises to determine what boiler would be appropriate for its heating system. *Id.*, ¶ 4. On August 8, 1997, MDM contracted with ETI for the delivery, installation, and start up of a new boiler. *Id.*, ¶ 30. Defendant Tate sold the boiler to ETI, supervised the installation, and was allegedly solely responsible for putting it into service. *Id.*, ¶ 7. ETI allegedly expressly warranted that the boiler was an appropriate replacement for the existing system and implicitly warranted that the boiler was of good quality, free from defects, and specifically suitable for its intended use. *Id.*, ¶¶ 6, 32, 25–36.

In October of 2000, MDM discovered that the boiler was inappropriate for the building because it was oversized and the system design was defective. *Id.*, ¶ 19. This caused damage to the boiler, which required extensive repairs. *Id.* Defendant Tate made necessary repairs and replacements; however, the work did not solve the problems because of the boiler's alleged defects and improper size. *Id.*, ¶¶ 16–18.

MDM notified Defendants of the above-mentioned defects, and Defendants refused or were unable to cure the defects. *Id.*, ¶ 24. MDM then notified Defendants JBET and JFB that it was revoking its acceptance of the boiler and demanded that Defendants either replace the boiler or return the purchase price. *Id.*, ¶¶ 24–25, 27–28. To date, Defendants have allegedly done neither. *Id.*, ¶ 24. As such, Plaintiff claims that ETI breached the contract and its express and implied warranties regarding the boiler, and Defendants JBET and JFB are therefore liable. *Id.*, ¶¶ 16-17, 27, 31. Plaintiff also claims that Defendants JBET and JFB are liable for ETI's alleged constructive and actual fraud. *Id.*, ¶¶ 22–23, 33, 39. Plaintiff further alleges that Defendant Tate, through representations made by its representatives Griffith, Tate, and Kane, is liable for its own actual and constructively fraudulent acts. *Id.*, ¶¶ 41–42.

The Court now addresses the Plea in Bar to Plaintiff's Amended Motion for Judgment, filed by Tate on March 13, 2003, alleging that MDM's claim is barred by res judicata and/or judicial estoppel and requesting sanctions pursuant to Va. Code § 8.01-271.1.

### *Plea of Res Judicata*

Res judicata "precludes relitigation of the same cause of action, or any part thereof, which could have been litigated between the same parties and their privies." *Smith v. Ware*, 244 Va. 374, 376, 421 S.E.2d 444, 445 (1992). A "litigant who asserts the defense of res judicata has the burden of proving

by a preponderance of the evidence that the claim is precluded by a prior judgment." *Scales v. Lewis*, 261 Va. 379, 383, 541 S.E.2d 899, 901 (2001). More specifically, in order to bar MDM's claim by res judicata, Tate must prove four well-established elements: (1) identity of the remedy sought; (2) identity of the cause of action; (3) identity of the parties; and (4) identity of the quality of the persons for or against whom the claim is made. *Davis v. Marshall Homes, Inc.*, 265 Va. 159, 164, 576 S.E.2d 504, 506 (2003). Further, the doctrine of res judicata should be applied "so as to work justice and not injustice." *See Carl-Zeiss-Stiftung v. Raynor & Keeler, Ltd.*, 3 W.L.R. 125 (H.L. 1966).

Tate argues that MDM's claims are barred by res judicata because MDM previously asserted them as defenses in litigation between the same parties in the Fairfax Circuit Court. However, Tate has not proven identity of the cause of action. "[T]he test to determine whether claims are part of a single cause of action is whether the same evidence is necessary to prove each claim." *Brown v. Haley*, 233 Va. 210, 216, 355 S.E.2d 563, 567 (1987). In the case at bar, the two fraud claims alleged by MDM, one regarding the installation of the boiler and the second regarding its service and repair, are "separate and distinct causes of action" from the original breach of contract action filed by Tate in the Fairfax Circuit Court.

To succeed in a case for fraud, a plaintiff must prove by clear and convincing evidence: "(1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled." *Richmond Metro. Auth. v. McDevitt Street Bovis, Inc.*, 256 Va. 553, 557–58, 507 S.E.2d 344, 346 (1998) (quoting *Evaluation Research Corp. v. Alequin*, 247 Va. 143, 148, 439 S.E.2d 387, 390 (1994)). However, to prove a breach of contract, a plaintiff must show by a preponderance of the evidence: (1) The existence of duly executed and enforceable agreements; (2) performance, or offers to perform by plaintiffs in accordance with the terms of the contracts; (3) that the defendants have failed to perform under or breached the agreements; (4) that the breaches are the cause of actual damages sustained by plaintiffs; and (5) that those damages are recoverable under Virginia law. *Carley Capital Group v. Newport News*, 709 F. Supp. 1387, 1396 (E.D. Va. 1989). Clearly, to establish fraud requires proof of different facts than those necessary to prove breach of contract; furthermore, it also requires a higher standard of proof. The Supreme Court of Virginia has stated: "A plaintiff's assertion of separate and distinct causes of action will defeat a defense of res judicata." *Davis*, 265 Va. at 167, 576 S.E.2d at 507. Therefore, since MDM's claims for fraud are

separate and distinct from the breach of contract action brought by Tate in its original suit, Tate's plea of res judicata is overruled.

*Plea of Judicial Estoppel*

"Judicial estoppel precludes a party from adopting a position that is inconsistent with a stance taken in prior litigation. The purpose of the doctrine is to prevent a party from playing fast and loose with the courts, and to protect the essential integrity of the judicial process." *Lowery v. Stovall*, 92 F.3d 219, 223 (4th Cir. 1996). "The vice which judicial estoppel prevents is the cold manipulation of the courts to the detriment of the public interest." *John S. Clark Co. v. Faggert & Frieden, P.C.*, 65 F.3d 26, 29 (4th Cir. 1995). However, the doctrine of judicial estoppel must be applied by the courts with caution. *Id.* (citing *Allen v. Zurich Ins. Co.*, 667 F.2d 1162, 1167 (4th Cir. 1982)).

To establish judicial estoppel, three elements must be proven: "(1) The party to be estopped must be asserting a position that is factually incompatible with a position taken in a prior judicial or administrative proceeding; (2) the prior inconsistent position must have been accepted by the tribunal; and (3) the party to be estopped must have taken inconsistent positions intentionally for the purpose of gaining unfair advantage." *King v. Herbert J. Thomas Mem'l Hosp.*, 159 F.3d 192, 196 (4th Cir. 1998); *Jappell v. American Ass'n of Blood Banks*, 162 F. Supp. 2d 476, 482 (E.D. Va. 2001).

In the case at bar, Tate has failed to sufficiently establish each of the aforementioned elements necessary to prove judicial estoppel; therefore, Tate's plea of judicial estoppel is overruled.

For the above-stated reasons, the Defendant's Plea in Bar to Plaintiff's Amended Motion for Judgment is overruled. Further, Defendant's request for sanctions pursuant to Va. Code § 8.01-271.1 is without merit and is, therefore, overruled.