**CIRCUIT COURT OF THE CITY OF NORFOLK**

Roy Scott

v.

James M. Gruszeczka,
Flamingo Lounge and
Restaurant, Inc.,
David Weiland,
and Linda Weiland

December 18, 2003

Case No. CL02-2621

BY JUDGE MARC JACOBSON

On or about May 1, 1998, Roy Scott entered into a lease agreement with Flamingo Lounge and Restaurant, Inc., a/k/a Flamingo Lounge & Restaurant, Inc. (Flamingo) for the premises known as 3822-24 Hampton Boulevard, Norfolk, Virginia 23508; Defendants Linda Weiland and David Weiland, executed said lease as "guarantees." (Mot. for J. ¶¶ 3–5.) Pursuant to the Addendum to Lease dated May 8, 2000, Scott and Linda and David Weiland, Assignors, and James M. Gruszeczka, Assignee for Flamingo Lounge and Restaurant, Inc., granted permission for "Assignors to assign current lease, originally dated October 1, 1998, to Assignee." (Mot. for J. ¶¶ 6–8; Pl.'s Ex. 2.) The said Addendum to Lease further provided that "Assignors to be corporately and personally responsible for convenients [sic] of lease." (Pl.'s Ex. 2.)

Scott filed a Motion for Judgment alleging in Count 1 that the Weilands, Gruszeczka, and Flamingo, jointly and severally, materially breached a duty under the lease and addendum to abide by its terms by taking out a private loan with Mustang Amusement Company located in Virginia Beach, Virginia, and using the premises as collateral for said loan. (Mot. for J. ¶¶ 8–18.) Scott alleges malicious prosecution in Count 2, in that, he was indicted by the Commonwealth for grand larceny on November 7, 2001, based on a complaint by Gruszeczka and Flamingo; the grand larceny charges were later dismissed

by the Circuit Court of the City of Norfolk. (*Id.* at ¶¶ 19–25.) Scott further alleges in Count 3 intentional infliction of emotional distress based on his previous claim of malicious prosecution. (See *Id.* at ¶¶ 26–29.)

Defendants Gruszeczka and Flamingo filed a Counterclaim for conversion, alleging that Scott, without a lawful basis or giving notice, had all of the doors to the premises welded shut, which alleged action was taken the day after Scott learned that Flamingo was to be sold to Gruszeczka. Gruszeczka and Flamingo further allege that, after Scott was in exclusive possession of the building, he stole cash, disposed of food and beverage inventory as well as Flamingo company records, and took exclusive use and possession of an air filtration unit and other equipment. (See Counterclaim ¶¶ 1–6.)

Defendants David and Linda Weiland filed a Cross-claim against Gruszeczka and Flamingo, denying liability and claiming, in the alternative, that, if they are held to be responsible for any breaches of the lease, Gruszeczka and Flamingo are "liable to them in such amounts as may be due and owing plus the [their] costs and attorney's fees." (Cross-claim ¶ 3.)

Flamingo and Gruszeczka have filed a "Motion for Discontinuance," asking that this Court enter an Order discontinuing Counts 2 and 3, the counts of malicious prosecution and intentional infliction of emotional distress. The claims alleged in Counts 2 and 3 are separate and distinct from Count 1 and are based primarily on the prosecution of Scott for grand larceny. The knowledge of the criminal proceeding would be unduly prejudicial to the jury, while adding no probative value. On November 1, 2002, this Court entered an Order finding that Scott's "acquittal in a criminal prosecution for acts that are a part of this civil action is not relevant to the issues before the Court and would unfairly prejudice the presentation of evidence at trial." Further, Counts 2 and 3 may require the participation of potential third-party defendants who have no interest in the litigation of Count 1; therefore, Flamingo and Gruszeczka's Motion for Discontinuance is granted, without prejudice.

There have been five Demurrers filed in the instant case: (1) the Demurrer of Scott to Flamingo's Counterclaim; (2) the Weilands' Demurrer to Counts 1, 2, and 3 of the Motion for Judgment; (3) the Demurrer of Gruszeczka to Counts 1, 2, and 3 of the Motion for Judgment; (4) the Demurrer of Gruszeczka and Flamingo, jointly, to the Weilands' Cross-claim; and (5) the Demurrer of Flamingo to Counts 2 and 3 of the Motion for Judgment.

A demurrer tests the sufficiency of factual allegations to determine whether the motion for judgment states a cause of action. *Fun v. Virginia Military Inst.*, 245 Va. 249, 252, 427 S.E.2d 181, 183 (1993). A demurrer "admits the truth of all material facts that are properly pleaded, facts which are

impliedly alleged, and facts which may be fairly and justly inferred from the alleged facts." *Delk v. Columbia/HCA Healthcare Corp.*, 259 Va. 125, 129, 523 S.E.2d 826, 829 (2000) (quoting *Cox Cable Hampton Rds., Inc. v. City of Norfolk*, 242 Va. 394, 397, 410 S.E.2d 652, 653 (1991)). Additionally, on demurrer, the court may consider the substantive allegations of the pleading in addition to any accompanying exhibit mentioned in the pleading. *Flippo v. F & L Land Co.*, 241 Va. 15, 16, 400 S.E.2d 156, 156 (1991) (citing Va. Sup. Ct. R. 1:4(i)). The Court may consider the pleading, the exhibits, and take as true "all fair inferences deducible there from." *Palumbo v. Bennett*, 242 Va. 248, 249, 409 S.E.2d 152, 152 (1991). However, "a demurrer does not admit the correctness of the pleader's conclusions of law." *Fox v. Custis*, 236 Va. 69, 71, 372 S.E.2d 373, 374 (1988) (citations omitted).

Scott demurs to Flamingo's Counterclaim on the basis of collateral estoppel. No matters of fact or law previously adjudicated by two parties can be reconsidered between them; these matters are taken as established and the trial will be limited to other points in dispute. W. Hamilton Bryson, *Virginia Civil Procedure* 478 (3d ed. 1997). The Supreme Court of Virginia has held that in order for collateral estoppel to be established:

> (1) [T]he parties to the prior and subsequent proceedings, or their privies, must be the same, (2) the factual issue sought to be litigated actually must have been litigated in the prior action, (3) the factual issue must have been essential to the judgment in the prior proceeding, and (4) the prior action must have resulted in a judgment that is valid, final, and against the party against whom the doctrine is sought to be applied. In addition to these elements, there also must be "mutuality," i.e., a litigant cannot invoke collateral estoppel unless he would have been bound had the litigation of the issue in the prior action reached the opposite result.

*Scales v. Lewis*, 261 Va. 379, 383–84, 541 S.E.2d 899, 901 (2001) (quoting *Angstadt v. Atlantic Mutual Ins. Co.*, 249 Va. 444, 446–47, 457 S.E.2d 86, 87 (1995)). "It is firmly established that the party who asserts the defenses of res judicata or collateral estoppel has the burden of proving by a preponderance of the evidence that the claim or issue is precluded by a prior judgment." *Id.* at 384, 541 S.E.2d at 901. In the instant case, (1) the parties to the prior action and this proceeding are the same (i.e., Scott and Flamingo); (2) the factual issue sought to be litigated in the Counterclaim, conversion, was previously litigated; (3) the factual issue was essential to the judgment in the prior proceeding; and (4) the prior action resulted in a final judgment against

Flamingo and no appeal was taken. Mutuality also existed, in that, Scott would have been bound had the jury reached the opposite result.

The Demurrer of Scott to Flamingo's Counterclaim is sustained because Flamingo's Counterclaim is barred by collateral estoppel. The Demurrers of Gruszeczka and the Weilands as to Count 1 of the Motion for Judgment are overruled. The Court need not decide the Demurrers of Gruszeczka, the Weilands, or Flamingo as to Counts 2 and 3 of the Motion for Judgment because the Motion for Discontinuance was granted. The Demurrer of Gruszeczka and Flamingo to the Weilands' Cross-claim is sustained as the Cross-claim fails to allege a proper cause of action against either party.