## CIRCUIT COURT OF THE CITY OF ROANOKE

Mario Industries
of Virginia, Inc.

v.

Troy Cook et al.

May 27, 2004

Case No. CH04-0078

By Judge Charles N. Dorsey

The Court has before it a plea in bar and a demurrer filed by Defendants Troy Cook, Joseph Cassell, and Renaissance Contract Lighting and Furnishings ("Renaissance"). In the briefs and in argument heard in chambers, Plaintiff Mario Industries of Virginia ("Mario") established that it alleged sufficient facts to survive demurrer on its conspiracy claims. Defendants have withdrawn their demurrer to these claims, and it is no longer in issue. The remaining question, raised in the plea in bar, is whether certain of Plaintiff's claims are precluded by *res judicata* or, alternatively, collateral estoppel. They are not precluded for the reasons that follow.

### Facts

Plaintiff Mario designs and sells lighting fixtures to large customers such as hotel chains. Mario alleges that it employed Cook as a sales manager from January 1, 1995, until November 7, 2003, when he unexpectedly resigned to begin employment with its direct competitor, Renaissance, and its employee, Cassell. As sales manager, Cook allegedly had access to a variety of confidential information, including Mario's pricing system, customer lists, accounting records, supplier information and unique design processes, etc.

Mario claims that Cook was actively negotiating with potential or existing customers, including the Hyatt Deerfield, before he left his employment. He worked on the Hyatt Deerfield project through Mario's Chicago sales representative, The Darnell Group. After Cook resigned and accepted employment with Renaissance, The Darnell Group continued to work with Cook on the Hyatt Deerfield project, and the contract was later awarded to Renaissance. Mario contends that Cook sabotaged computer files, took confidential information, and conspired with Cassell and Renaissance to solicit and usurp Mario's customers and business opportunities.

Prior to filing this suit, Mario filed a detinue action against Cook in the Roanoke City General District Court. The General District Court entered an order directing the Sheriff to seize certain items listed in the petition and setting a hearing pursuant to Virginia Code § 8.01-119. Before the hearing could take place, the parties resolved the issues that were scheduled to be heard, notified the judge, and the judge noted on the Detinue Order, "Vacated, Dismissed 1/9/04."

Mario's bill of complaint alleges ten causes of action, six of which are alleged against Cook, Cassell, and Renaissance and the remaining counts against The Darnell Group. The Defendants' Plea in Bar alleges that claims I through IV of the complaint are barred by the doctrines of *res judicata* and collateral estoppel because they rely on issues litigated in the prior detinue action. The disputed claims are: (I) that Cook breached his fiduciary duty, (II) that Cook, Cassell, and Renaissance misappropriated trade secrets, (III) conversion by Cook, Cassell, and Renaissance, and (IV) that Cook, Cassell, and Renaissance tortiously interfered with Mario's existing and prospective business relations.

*Analysis*

Defendants assert both *res judicata* and collateral estoppel as alternative grounds for dismissal of the above claims. As the Supreme Court has explained, the term "*res judicata* encompasses four preclusive effects, each conceptually distinct . . . . merger, direct estoppel, bar, and collateral estoppel." *Bates v. Devers*, 214 Va. 667, 670, 202 S.E.2d 917, 920 (1974) (citing *Lawlor v. National Screen Serv. Corp.*, 349 U.S. 322, 326, n. 6, 99 L. Ed. 1122, 75 S. Ct. 865 (1955)). Of these four, the two asserted here, *res judicata-bar* (commonly referred to as simply *res judicata*) and collateral estoppel, are raised most frequently.

In *res judicata*, a "valid, personal judgment on the merits in favor of defendant bars relitigation of the same cause of action, or any part thereof which could have been litigated, between the same parties and their privies." *Id.* at 670-71, 202 S.E.2d at 920-21. The language " 'which could have been litigated' is not directed to an unrelated claim which might permissibly have been joined, but, to a claim which, if tried separately, would constitute claim-splitting." *Id.* at 670-71, n. 4, 202 S.E.2d at 920-21, n. 4. Collateral estoppel, in contrast, pertains to a previously litigated issue and its impact on a different cause of action. "In the subsequent action, the parties and their privies are precluded from litigating any issue of fact actually litigated and essential to a valid and final personal judgment in the first action." *Id.* at 671, 202 S.E.2d at 921.

Both *res judicata* and collateral estoppel impose the same procedural burden: the party asserting the defense must show "by a preponderance of the evidence that the claim or issue should be precluded by the prior judgment." *Id.* The prior judgment must be "valid" and "final." *See Scales v. Lewis*, 261 Va. 379, 382, 541 S.E.2d 899, 901 (2001). To carry this burden, the asserting party must rely solely on the record of the prior action, because "consideration of facts outside of and not made a part of the record is improper." *Id.* at 383, 541 S.E.2d at 901 (quoting *Bernau v. Nealon*, 219 Va. 1039, 1041-42, 254 S.E.2d 82, 84 (1979)).

In *Bates v. Devers*, 214 Va. 667, 202 S.E.2d 917 (1974), the Supreme Court of Virginia rejected a *res judicata* defense in part because the defendant did not carry his burden of showing that the orders by the prior court had the final effect necessary to preclude the plaintiff's claim. The earlier court had entered preliminary orders stating that issues not defined by a certain time would be "waived." *Id.* at 673, 202 S.E.2d at 922. This, the Supreme Court stated, was not a final judgment. "The purpose of the orders was simply to define the issues for resolution." The orders did not "have the effect of dismissing with prejudice a claim unknown to the court." *Id.*

For similar reasons, the Court in *Scales v. Lewis*, 261 Va. 379, 541 S.E.2d 899 (2001), rejected the defendant's assertion of *res judicata* and collateral estoppel to bar a suit for plaintiff's injuries sustained in a motor vehicle collision. Plaintiff's insurance company had brought an earlier subrogation action in the general district court for debts it incurred under its uninsured motorist policy. In that action, the defendant had asserted, as a defense to the debt, that the plaintiff had negligently caused the accident. *Id.* at 381-82, 541 S.E.2d at 900. The reasons underlying the general district court's subsequent disposition of the case were left unclear:

> The court could have, by marking the appropriate box, entered judgment for the plaintiff, entered judgment for the defendant, declared a nonsuit, or dismissed the case. The general district court did not enter judgment for either plaintiff or the defendant; instead, the court marked the case "DISMISSED."

*Id.* at 382, 541 S.E.2d at 900.

The Supreme Court subsequently held that the General District Court did not enter a valid, final judgment in the first action. The record was "insufficient to establish *res judicata* or collateral estoppel." *Id.* at 383, 541 S.E.2d at 901.

Like *Scales,* the prior General District Court record in this case provides little guidance as to the issues litigated or the outcome of the case. The General District Court's detinue order does not indicate whether it entered final judgment for either party. The fact it was marked "Vacated" and "Dismissed" does not even establish whether the property seized was returned in accordance with Va. Code § 8.01-119(B), the cause abated *"to abide the final trial of the action,"* Va. Code § 8.01-119 (emphasis added), or if the entire case was dismissed in total. This notation does not constitute the kind of valid, final judgment that bars subsequent claims.

Defendants urge that the Supreme Court's *Transdulles Ctr., Inc. v. Sharma,* 252 Va. 20, 472 S.E.2d 274 (1996), decision is more applicable here. In that case, the plaintiff contended that a default judgment could not be the basis for collateral estoppel because "nothing is actually litigated in a default judgment." The Supreme Court disagreed, holding that all the requirements for applying the doctrine were met: the issue in question was litigated, with testimonial and documentary evidence presented in the hearing, resulting in "a final default judgment" against the defendant. The Court reiterated that a final default judgment "imports absolute verity, and is as effectual and binding as if pronounced upon a trial upon the merits." *Id.* at 24, 472 S.E.2d at 276.

The same, however, cannot be said of the General District Court's order in this case. The burden here is on the defendants to prove the prior court decided these issues or claims in an equally valid, *final* judgment. What little record there is in this case only indicates that the parties reached some form of accommodation and agreed that a further hearing was unnecessary. Such an accommodation does not amount to a judgment for or against plaintiff or defendant. The Court cannot infer that this case was dismissed in its entirety as opposed to simple dismissal of that

particular seizure order. Va. Code § 8.01-119(B) contemplates that a "final trial" may still occur even after a decision in favor of the defendant. As the order does not qualify as final, the Defendants have not produced enough evidence from the record to satisfy their burden or sustain their plea in bar. Accordingly, the Special Plea of *Res Judicata* and Collateral Estoppel is denied.