SHEDD, Circuit Judge,
dissenting:
Davani has asserted a litany of employment discrimination and retaliation allegations that span several years, culminating in his termination from employment. The district court dismissed this case under Fed.R.Civ.P. 12(b)(6), holding that the doctrine of collateral estoppel bars all of Davani’s claims, and the majority affirms this decision. I respectfully dissent.
“The doctrine of collateral estoppel precludes parties to a prior action from litigating in a subsequent action any factual issue that was actually litigated and essential to a valid, final judgment in the prior action.” Scales v. Lewis, 261 Va. 379, 541 S.E.2d 899, 901 (2001). In order for the doctrine to apply, the party asserting it bears the burden of proving by a preponderance of the evidence that the issue is precluded by a prior judgment. Id. Among other things, that party must establish that the issue sought to be litigated in the subsequent action (1) was actually litigated in the prior action and (2) was essential to the judgment in the prior action. Id. Moreover, collateral estoppel does not apply when the party against whom it is asserted did not have a “full and fair opportunity” in the prior action to litigate the issue sought to be precluded. Slagle v. Slagle, 11 Va.App. 341, 398 S.E.2d 346, 349 (1990).
The prior action in this case is Davani’s grievance proceeding relating to his third Group II notice. Davani’s receipt of this notice led to his termination. The presiding administrative law judge (“ALJ”) reduced the severity of this third Group II notice but nonetheless upheld Davani’s termination because he had accumulated two prior Group II notices.
Although it is true that other issues related to Davani’s employment came up during the grievance hearing, the critical fact of the matter is that the ALJ expressly confined the proceeding only to consideration of the merits of Davani’s third Group II notice. For example, during the grievance hearing the ALJ (referring to Davani’s first two Group II notices) stated: “I don’t want to litigate these two other incidences because I’m really not that concerned about it.” J.A. 170. Later, the ALJ again made this point clear, stating in regard to the first Group II notice:
But I will tell you that if it’s completely ... bogus, if it had been grieved and ... it would have clearly, hundred percent been reversed, it doesn’t matter at this point because it’s not before me. It’s only before me in the sense that there’s a ... history. And so I am bound by that group notice and ... the fact that, assuming it’s completely ... frivolous for lack of a better term, I still treat it ... as if it was completely valid.
J.A. 339.[1]
In light of the ALJ’s comments, and based on my review of the record of the administrative proceedings, I cannot agree with the majority’s conclusion that all of Davani’s discrimination and retaliation allegations and claims were actually litigated in the prior action or were essential to the prior judgment. Further, I do not believe *301 that Davani had a “full and fair opportunity” to litigate all of those allegations and claims.[2] For these reasons, I would hold that collateral estoppel does not compel dismissal of this case. Because the district court did not rule on any of the alternate bases for dismissal raised by appellees, including res judicata, I would leave those issues for the district court to decide in the first instance on remand.

. As Davani's counsel explained during closing arguments: "We did not spend time going into the details of the first grievance or the second grievance, going into the details of these totally false and spurious workplace violence allegations. Ah, we did not pull in witnesses for all of those issues. There's an entirely other appropriate forum for doing so however.” J.A. 424.

. Although the ALJ noted in his order that ‘‘[n]o credible evidence was presented suggesting the Agency disciplined [Davani] for any impermissible reason,” J.A. 99,1 find that conclusion to be immaterial for our purposes because, as set forth above, the ALJ limited the scope of the proceeding in such a manner that Davani could not have litigated all of his discrimination and retaliation allegations.