## CIRCUIT COURT OF DICKENSON COUNTY

Commonwealth of Virginia

v.

Kermit Hill

Case No. CR13-113

Commonwealth of Virginia

v.

Dennis Taylor

Case No. CR13-112

October 11, 2013

By Judge Henry A. Vanover, Jr.

This letter opinion follows a hearing conducted in the Circuit Court of Dickenson County on October 10, 2013.

### Background

The parties are fully acquainted with the facts relevant in this case; however, this opinion must recite those facts and incidents of the proceedings that are necessary to the parties' understanding of the decision. The Defendants have filed a motion to quash the indictment. The Defendants base their motion on the equitable doctrine of collateral estoppel.

This case stems from an incident that occurred on or about February 18, 2012, in Dickenson County. Kermit Hill alleges dogs owned by Brandon Hill had attacked or were attacking the turkeys he, Kermit Hill, owned. Kermit Hill contacted Dennis Taylor to have Mr. Taylor shoot to kill the dogs. This incident resulted in the death of three dogs owned by

Brandon Hill. As a result, Kermit Hill and Dennis Taylor were subsequently charged with three separate criminal offenses. Of these charges, two were misdemeanors and one was a felony charge of Destruction of Property, Va. Code § 18.2-137. Both Defendants were found not guilty on each of the misdemeanor offenses in The Dickenson County General District Court on April 2, 2013. However, the felony charge was certified to the grand jury and returned as a true bill on April 16, 2013. Therefore, the felony destruction of property charge is the only charge at issue in this pending motion.

Upon review of the transcript from the General District Court, it appears the Defendants presented Va. Code § 3.2-6552 as part of their defense. This section states, in relevant parts, "Any person finding a dog committing [killing or injuring of livestock or poultry] shall have the right to kill such dog on sight. . . ." Va. Code § 3.2-6552. In that hearing, the Commonwealth conceded § 3.2-6552 would be a "legitimate defense . . . to the charge under § 18.2-137" if the killing of the dogs had occurred at the time the dogs were attacking the turkeys. (Transcript p. 73, lines 16-23.) However, the Commonwealth represented to the court "the turkeys were already dead . . . so under [these] facts, this is not a matter of defending property; this is a matter of retaliation after the property had already been destroyed." (Transcript p. 74, lines 1-5.)

Ultimately, Judge Patterson stated "the Court has some different statements to deal with" as to the status of the turkeys when the dogs were shot. (Transcript p. 85, lines 4-5.) Further, Judge Patterson recognized "the Court has a couple of different standards to deal with." (Transcript p. 83, lines 24-25.) In ruling, Judge Patterson stated: "So, as to the misdemeanor offenses where the proof is beyond a reasonable doubt, Mr. Taylor and Mr. Hill, both of those charges are going to be . . . a finding of not guilty. There is some reasonable doubt in my mind." (Transcript p. 85, lines 7-10.) However, "the felony charge, it is a different standard, The standard is probable cause to believe that you all have committed these [felony] offenses with the more valuable dog. So, the felony charges, based on the evidence I have heard, are going to be certified to the grand jury, based on a different probable cause standard." (Transcript p. 85, lines 11-20.)

*Relevant Law*

The doctrine of collateral estoppel arises from the Fifth Amendment protection against double jeopardy and instructs that, when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit. *Ramadan v. Commonwealth*, 28 Va. App. 708, 508 S.E.2d 357 (1998). The doctrine, a species of the res judicata bar, applies when (1) the parties to the two proceedings are the same, (2) the issue of fact sought to be litigated was actually litigated in the prior proceeding, (3) the issue

of fact must have been essential to the prior judgment, and (4) the prior proceeding must have resulted in a valid, final judgment against the party against whom the doctrine is sought to be applied. It is firmly established in the Virginia cases that the party who asserts the defense of collateral estoppel has the burden of proving by a preponderance of the evidence that the claim or issue is precluded by a prior judgment. *Scales v. Lewis*, 261 Va. 379, 541 S.E.2d 899 (2001). In order for the doctrine of collateral estoppel to be fully applicable, all four requirements must be satisfied.

## Analysis

In this case, a hearing was conducted in the General District Court on April 2, 2013. This court has reviewed the transcript from that hearing as well as the extensive case law cited and submitted by the defense in its argument. Each element of collateral estoppel will be addressed.

### A. *Same Parties*

Collateral estoppel requires the parties, or their privies, of the second litigation to be the same parties subjected to the first litigation. This element is easily satisfied in this case. The parties to the prior hearing were the Defendants, Kermit Hill and Dennis Taylor, and the Commonwealth of Virginia. The parties to the second hearing will be the same.

### B. *Actually Litigated*

Under collateral estoppel, an issue may be "actually litigated" even in the absence of a full evidentiary hearing. However, a question of fact is "actually litigated" when it is (1) put into issue by the pleadings, (2) submitted to the trier of fact, and (3) determined by the trier of fact. *In re Grimm*, 168 Bankr. 102 (Bankr. E.D. Va. 1994).

In this case, the availability of a defense based on Va. Code § 3.2-6552 potentially hinges upon the determination of the status of the turkeys when the dogs were shot. This determination was not made by the trier of fact in the General District Court. Judge Patterson only determined reasonable doubt existed as to the status of the turkeys as related to the misdemeanor charges. Therefore, this determination was not "actually litigated" as to the felony charge currently before this court. Therefore, this element is not satisfied.

### C. *Essential to the Prior Judgment*

As previously stated, the availability of a defense based on Va. Code § 3.2-6552 potentially hinges upon the determination of the status of the turkeys when the dogs were shot. This determination is undoubtedly

essential to the judgment; however, the determination was not made in the prior hearing. Therefore, this element is not satisfied.

### D. *Valid and Final Judgment*

In this case, this element is perhaps the most dispositive. As to the felony charge of destruction of property before this court, no valid and final judgment exists. Operating under a probable cause standard, the General District Court was of the opinion that sufficient probable cause existed to certify this case to the grand jury. Therefore, no final judgment exists in this case.

Furthermore, no valid final judgment exists as to the facts of the related misdemeanor charges. The General District Court made no factual determinations as to the status of the turkeys. The court below expressed doubt, but made no determinations. Therefore, this element is not satisfied.

### *Conclusion*

Collateral estoppel is often referred to as issue preclusion. The doctrine prohibits litigation of an issue previously decided by a valid, final judgment. Courts have established the elements of collateral estoppel and have consistently held that all elements must be satisfied in order to invoke this doctrine. In this case, all elements of collateral estoppel cannot be satisfied by the facts before the court. Therefore, the doctrine of collateral estoppel will not apply and the motion to quash the indictment is denied.