Richmond

## CLAIRE BERNAU, FORMERLY KNOWN AS CLAIRE NEALON
v.
## JOSEPH P. NEALON, JR.

April 20, 1979.

Record No. 770982.

Present: All the Justices.

*Frederick M. Quayle (Wilkins and Quayle,* on brief), for appellant.

*Eugene M. Jordan* for appellee.

HARRISON J., delivered the opinion of the Court.

Claire Bernau, appellant, filed her motion for judgment in the court below seeking to recover from her former husband, Joseph P. Nealon, Jr., appellee, certain amounts expended by her in payment of taxes, improvements, debts and other items on real property owned by Nealon. Bernau alleged that when these payments were made, she was under the mistaken belief that she owned the property and that as a result Nealon has been unjustly enriched, thereby entitling her to restitution. Nealon filed a plea of *res judicata* which was sustained and appellant's motion was dismissed.

Claire Bernau and Joseph P. Nealon, Jr., formerly husband and wife, were divorced by decree of the lower court in October 1969. Prior thereto the parties entered into a property settlement agreement under which Nealon conveyed appellant his interest in their residence property in Hampton in which the parties had lived as husband and wife. Appellant occupied the dwelling until June 1970 when she moved out and Nealon moved in. Nealon lived in the residence from June 1970 until March 1973. He claims that he left because he learned that appellant had listed the home for sale with a real estate agent, and because she threatened him with eviction.

In April 1973 appellee filed a bill of complaint in the court below under the style, *Joseph P. Nealon, Jr.* v. *Claire B. Nealon,* alleging an agreement by appellant to convey the subject property to him. A *lis pendens,* filed at the time suit was brought, was later removed upon agreement that the net proceeds to be received from a sale of the property would be placed in escrow. The property was sold by appellant in May 1974 for $30,000 and conveyed by her to the purchaser. By decree entered on March 3, 1976, the trial court held that there was an oral agreement between the parties that appellant would reconvey to appellee the property involved, and that Joseph P. Nealon, Jr., was entitled to the escrowed net proceeds ($12,826.05) from the sale. Mrs. Bernau's petition for appeal was denied by this Court on October 13, 1976.

Thereafter, appellant filed the case under review seeking restitution of $3,739.66 that she allegedly expended on the property between March 1973 when she reoccupied the property, and May 1974 when the property was sold.

Appellee argues that this case is an attempt by his former wife to retry a matter that had been ended by final order in *Joseph P. Nealon, Jr. v. Claire B. Nealon.* He says that both parties had the opportunity to litigate their claim to all or to any part of the money in escrow. He claims he did present evidence of the monies he expended during the months he occupied the real estate, "just in case he may not have prevailed as to the whole fund". Appellee contends there was nothing to prevent the appellant from doing the same. Appellant argues that until the entry of the decree in *Nealon v. Nealon* on March 3, 1976, she felt secure in her belief that she was the owner in fee of the property, and that, laboring under this belief, she expended funds in connection therewith and for which she claims restitution should be made. She says that an independent action for restitution is proper because until it was determined that she was not the true owner of the property, she was not entitled to bring action against appellee.

Our problem here is that we have no record before us from which we can determine the essential elements necessary to sustain appellee's plea of *res judicata.* The only information that we have of the proceedings had in the chancery suit of *Nealon v. Nealon* is a copy of the final decree, entered on March 3, 1976, which was attached to appellee's plea. Nevertheless, Nealon sought in the case under review to rely affirmatively upon facts which were allegedly determined in the prior proceeding brought by him against appellant. He alleged that prior determination as a bar to appellant's motion for judgment although he neither filed the record as an exhibit with his plea nor offered it in evidence at trial. His failure to do so is fatal for "[w]hether the former adjudication is affirmatively or defensively asserted, the record of the prior action must be offered in evidence". *Burk's Pleading and Practice,* § 357 at 675 (4th ed. 1952).

The fact that the adjudication relied upon by appellee was made by the same judge who sustained his plea of *res judicata* is not sufficient. Individual and extrajudicial knowledge on the part of a judge will not dispense with proof of facts not judicially cognizable, and cannot be resorted to for the purpose of supplementing the record. The consideration of facts outside of and not made a part

of the record is improper. *Newton* v. *Newton,* 202 Va. 96, 116 S.E.2d 94 (1960); *Darnell* v. *Barker,* 179 Va. 86, 18 S.E.2d 271 (1942).

In *Cohen* v. *Power,* 183 Va. 258, 261, 32 S.E.2d 64, 65 (1944), we said:

> The test generally applied in the application of the doctrine of *res adjudicata* is to determine whether the facts essential to the maintenance of the two actions are the same. If the same facts or evidence would sustain both actions, then the two actions are considered the same and a judgment in one bars any subsequent action based upon the same facts. If different proof is required to sustain the different actions, a judgment in one is no bar to the maintenance of the other. [Citations omitted.]

Appellant says that the former suit by her husband dealt solely with title to real estate, and that the only issue was whether there was an oral agreement by her to convey the property to him. Appellee claims that when he agreed to a sale of the property and to the placement of the proceeds of sale in escrow, the issue became one of entitlement to the money. He says that each party had an opportunity to introduce evidence to show his or her claim to the escrowed funds or to any part thereof. However, we have no record before us to show what evidence was presented or what exhibits were filed in *Nealon* v. *Nealon,* either before the court or the Commissioner in Chancery. Further, it appears from the final decree entered in *Nealon* v. *Nealon* that after hearing *ore tenus* appellee's evidence on his petition to rehear, the trial court concluded that appellee had proven his allegation of an oral agreement by his former wife to convey to him the property involved. The trial court then gave appellant "the opportunity to present any further evidence in this cause". The decree recites that she declined this invitation. In the absence of evidence of what occurred at that time, we are unable to determine whether this invitation to the former Mrs. Nealon was to give her an opportunity to present any further evidence bearing on the alleged agreement to reconvey, or whether this was an invitation for her to introduce any evidence showing any claim she had to all or any portion of the proceeds of the money being held in escrow.

The general rule which controls our decision, taken from *Wilson* v. *Volkswagen of America, Inc.,* 561 F.2d 494 (4th Cir. 1977), *cert. denied,* 434 U.S. 1020 (1978), is found in 7 M.J., *Evidence,* § 14 at 13 (1978 Cum. Supp.), and is there stated as follows:

> The general rule is that the court will not travel outside the record of the case before it in order to take notice of the proceedings in another case, even between the same parties and in the same court, unless the proceedings are put in evidence. The reason for the rule is that the decision of a cause must depend upon the evidence introduced. If the courts should recognize judicially facts adjudicated in another case, it makes those facts, though unsupported by evidence in the case at hand, conclusive against the opposing party; while if they had been properly introduced they might have been met and overcome by him. [Citations omitted].

Counsel for Nealon correctly maintains that it was the responsibility of Bernau, the losing party, to designate a proper record in accordance with the Rules of Court. But she has brought to us the entire record that was before the court below in the instant case. What is lacking is the record in *Nealon* v. *Nealon,* without which no determination can be made by us of the validity of Nealon's plea of *res judicata.* Had that record been introduced in the court below it would have been the responsibility of appellant to designate it as a part of the record for our consideration here. The absence of this record leaves us with insufficient information to determine the correctness of the court's judgment. However, the duty to introduce the record rested on Nealon, not on Bernau. As we said in *Feldman* v. *Rucker,* 201 Va. 11, 18, 109 S.E.2d 379, 384 (1959):

> One who asserts the defense of res adjudicata has the burden of proving that the very point or question was in issue and determined in the former suit.

Accordingly, and for the reasons stated in this opinion, the action of the lower court in sustaining appellee's plea of *res judicata* is reversed. The cause is remanded with direction that it be reinstated on the docket of the court below for a trial on its merits if the parties be so advised.

*Reversed and remanded.*