*101 JUSTICE COMPTON,
with whom JUSTICE WHITING and JUSTICE HASSELL join, dissenting.
I disagree on two grounds with the majority’s ruling sustaining Reed’s plea of res judicata.
First, the Court does not have a sufficient record to sustain the plea. In Bernau v. Nealon, 219 Va. 1039, 1041, 254 S.E.2d 82, 84 (1979), the Court held that whether a former adjudication is affirmatively or defensively asserted, the record of the prior action must be offered in evidence. Id. The record in the first action in the present case was never offered in evidence in support of Reed’s plea. The only portion of the record from the 1991 action, the dismissal of which forms the basis of the plea, contained in the manuscript record filed in this Court is a copy of the notice of motion for judgment and the dismissal order entered in 1993. Certainly there exist other portions of the record in a case that had been pending for almost two years. And, the duty to introduce that record rested on appellant Reed, not on appellee Liverman. Id. at 1043, 254 S.E.2d at 85.
The Bernau rule is clear, unequivocal, and contains no exceptions; it is an established rule of civil procedure, both trial and appellate. The majority chooses to disregard that settled precedent. I would follow it, and would dismiss the appeal.
Second, even if the Court has a sufficient record, I do not agree that the plea should be sustained. The words “with prejudice” appearing in an order of dismissal are not always conclusive against the plaintiff. Their effect is determined by the conditions under which they are used. Virginia Concrete Co. v. Board of Supervisors, 197 Va. 821, 825, 91 S.E.2d 415, 418 (1956).
The burden was upon Reed to establish the validity of his plea of former adjudication. The trial judge wrote: “The record in Suit No. 1 does not reveal any evidentiary hearing, dispositive motions, orders, etc., . . . which touch upon the issues raised by the pleadings. Liverman’s obvious reason for moving for the dismissal of Suit No. 1 was the filing of the Demurrer to Suit No. 2 on the ground of two suits pending on the same promissory note.”
In my opinion, Reed has not established the validity of his plea. Rather, the record affirmatively shows the conditions under which the words “with prejudice” were used in the order, and they were not used to extinguish the plaintiffs right of action against Reed. That dismissal was merely a vehicle to eliminate one of two *102 pending actions brought on the same promissory note. Upon this ground, I would affirm the judgment of the trial court.