COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Elder and Bray
Argued at Chesapeake, Virginia


LISA BEATON

MEMORANDUM OPINION[*] BY
v.    Record No. 0917-99-1        JUDGE LARRY G. ELDER
                                   MARCH 7, 2000
VIRGINIA DEPARTMENT OF SOCIAL SERVICES


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
A. Bonwill Shockley, Judge

> Andrew G. Wiggin (Donald E. Lee, Jr. and
> Associates, on briefs), for appellant.
>
> Cheryl A. Wilkerson, Assistant Attorney
> General (Mark L. Earley, Attorney General;
> Ashley L. Taylor, Jr., Deputy Attorney
> General; Siran S. Faulders, Senior Assistant
> Attorney General; Daniel J. Poynor, Assistant
> Attorney General, on brief), for appellee.


Lisa Beaton (appellant) appeals from a decision of the

Virginia Beach Circuit Court finding substantial evidence to

support the determination of the Department of Social Services

(DSS) that a complaint of "Inadequate Supervision--Level Three"

against appellant was "Founded."  On appeal, appellant contends

the circuit court committed reversible error by (1) refusing to

hold that the doctrine of res judicata required a reversal of

DSS's decision, and (2) finding sufficient evidence to prove

neglect under the statute and under the guidelines.  We hold

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

that the doctrine of res judicata is inapplicable in this case but that the evidence was insufficient to establish a violation of either DSS's guidelines or the applicable statute. Therefore, we reverse and vacate DSS's determination that the complaint of "Inadequate Supervision--Level Three" against appellant was "Founded."

I.

BACKGROUND

The basic facts surrounding the inadequate supervision charge are not in dispute. At about noon on January 15, 1997, appellant left her home by car to pick up her three-year-old son from pre-school. At the time, her nine-month-old twins were asleep in their cribs. Appellant tried to reach several people to stay with the twins, but her regular sitters were not available. She eventually reached the next-door neighbor, told the neighbor the twins were asleep, and asked her to "watch the house" while appellant left briefly to pick up her son. She did not ask the neighbor to come to the house and did not provide the neighbor with a key. Appellant knew the front door to the house was locked but was unaware of the status of the back door. Appellant left to pick up her son and returned to the house within fifteen minutes of departing. The twins were asleep when she arrived home, and she telephoned the neighbor to report her return.

-

II.

ANALYSIS

A.

RES JUDICATA

Appellant contends that the juvenile and domestic relations district court's September 29, 1997 finding that she did not neglect her children was binding on the DSS hearing officer under the doctrine of res judicata.

Assuming without deciding that the decision of a district court regarding neglect may be res judicata in a related administrative proceeding, we are unable to conclude that the doctrine of res judicata applies in this case. "'One who asserts the defense of res judicata has the burden of proving that the very point or question was in issue and determined in the former suit.'" Bernau v. Nealon, 219 Va. 1039, 1043, 254 S.E.2d 82, 85 (1979) (quoting Feldman v. Rucker, 201 Va. 11, 18, 109 S.E.2d 379, 384 (1959)). The party asserting applicability of the doctrine must offer the record of the prior action into evidence. See id. at 1041-42, 254 S.E.2d at 84. "'If the courts should recognize judicially facts adjudicated in another case, it makes those facts, though unsupported by evidence in the case at hand, conclusive against the opposing party; while if they had been properly introduced they might have been met and overcome by him.'" Id. at 1043, 254 S.E.2d at 85 (citations omitted).

-

In an administrative proceeding, a party ordinarily may offer evidence only in proceedings before the local department or a DSS hearing officer.  See Code § 63.1-248.6:1.  "[T]he circuit court's role in an appeal from an agency decision [pursuant to the Administrative Process Act] is equivalent to an appellate court's role in an appeal from a trial court."  York County Sch. Bd. v. Nicely, 12 Va. App. 1051, 1062, 408 S.E.2d 545, 551 (1991).  "[T]he factual issues on appeal are controlled solely by the agency record," and "[t]he reviewing court is not free to take additional evidence, even at the request of one of the parties."  Id.; see also id. at 1051 n.2, 408 S.E.2d at 551 n.2 (noting that APA permits circuit court to accept evidence in rare circumstance not applicable here, "where no agency record exists").  In sum, the applicability of res judicata requires proof of the fact and details of the prior judgment, and a circuit court may not accept documents or other evidence purporting to prove these facts which were not offered and admitted into evidence at the agency level.

Here, appellant's counsel informed the DSS hearing officer by voice mail and letter of the district court's decision and expressed the "hope" that she would make the same finding as the district court.  The record contains no indication that appellant's counsel provided the hearing officer with a copy of the order or transcript of the proceedings or asked her to reopen the record to receive same into evidence.  Therefore, we

-

uphold the circuit court's ruling that it could not consider the district court's order or transcript of the related proceedings. For the same reason, we also may not consider these documents on appeal.[1]  Without these documents we are unable to conclude whether the doctrine of res judicata may have been a viable defense.[2]

B.

SUFFICIENCY OF EVIDENCE TO PROVE NEGLECT
UNDER STATUTE AND GUIDELINES

Appellant contends the agency guidelines she was found to have violated impermissibly broadened the scope of Code § 63.1-248.2, which defines abuse and neglect, such that the evidence is insufficient to prove neglect under the statute. She also contends the evidence is insufficient to establish neglect even under the guidelines.  Assuming without deciding that the relevant portion of the guidelines do not impermissibly broaden the scope of the statute, we nevertheless hold that appellant's actions did not constitute a violation of the

---

[1] Therefore, we grant appellee's motion to strike from the appendix the transcript and order memorializing the district court's ruling of September 29, 1997.

[2] Appellant also contends that the doctrine of autrefois acquit applies to bar the DSS proceedings.  Autrefois acquit is a form of double jeopardy applicable in criminal proceedings. See Highsmith v. Commonwealth, 25 Va. App. 434, 444, 489 S.E.2d 239, 243 (1997).  Assuming without deciding that the district court had jurisdiction to impose a criminal penalty on appellant and that its failure to do so somehow constituted a criminal acquittal, that fact would bar only a subsequent criminal action, not a civil one.  See id. at 444, 489 S.E.2d at 243-44.

-

guidelines or the statute, and we reverse and vacate the agency's founded determination.

Code § 63.1-248.2 defines an "[a]bused or neglected child," inter alia, as

> any child less than eighteen years of age:
>
> 1.  Whose parents or other person responsible for his care . . . creates a substantial risk of death, disfigurement, or impairment of bodily or mental functions; [or]
>
> 2.  Whose parents or other person responsible for his care neglects or refuses to provide care necessary for his health. However, no child who in good faith is under treatment solely by spiritual means through prayer in accordance with the tenets and practices of a recognized church or religious denomination shall for that reason alone be considered to be an abused or neglected child; . . . .

Guidelines promulgated to help the local departments "in interpreting the definitions of abuse and neglect provided by statute" are contained in DSS's Protective Services Manual. See Jackson v. W., 14 Va. App. 391, 399, 419 S.E.2d 385, 389 (1992). The relevant version of that Manual provides that physical neglect includes:

> [t]he failure to provide food, clothing, shelter or supervision for a child to the extent that the child's health or safety is endangered. . . .
>
> Physical neglect may include multiple occurrences or a one-time critical or severe event that results in a threat to health or safety, such as a toddler left alone.

-

> Physical neglect includes the following when the conditions threaten the child's health or safety:

> b)   Inadequate supervision:  the child has been left in the care of an inadequate caretaker or in a situation which requires judgment or actions greater than the child's level of maturity, physical condition, and/or mental abilities would reasonably dictate; or [under] minimal care/supervision which results in placing the child in jeopardy of or at risk of . . . physical injury . . . .

7 DSS Service Programs Manual § III (Child Protective Services Manual), ch. A.1.c.2) (Aug. 1995 ed.) [hereinafter CPS Manual].[3] A level three finding involves "those injuries/conditions, real or threatened, that result in minimal harm to a child" such as "supervision marginal" which "poses threat of danger to child." Id. ch. A.3.f.2)(a)(3), at 23-24; see 22 Va. Admin. Code 40-700-20.

The applicable regulation and guidelines provide that, in proceedings before the local agency, clear and convincing proof of abuse or neglect is required before a complaint may be labeled "founded."  Jackson, 14 Va. App. at 410, 419 S.E.2d at 396 (citing CPS Manual); 22 Va. Admin. Code 40-700-10; CPS

---

[3] DSS has enacted more detailed regulations, which took effect on January 1, 1998.  See 22 Va. Admin. Code 40-705-10 to 40-705-190, hist. nn.  It also revised its CPS Manual to conform to these new regulations.  All proceedings before DSS in this case took place in 1997, before enactment of the new regulations and revision of the guidelines, and we rely on the regulations and guidelines in effect at that time.

Manual, ch. A.3.f.2)(a), at 23-24.[4]  This requirement serves "to protect not only the interests of the child but also the rights of the person accused."  Jackson v. Marshall, 19 Va. App. 628, 635, 445 S.E.2d 23, 27 (1995).

On appeal, the Administrative Process Act limits the review of factual issues to a determination of whether there is "substantial evidence in the agency record upon which the agency as the trier of the facts could reasonably find them to be as it did."  Code § 9-6.14:17.  Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Virginia Real Estate Comm'n v. Bias, 226 Va. 264, 269, 308 S.E.2d 123, 125 (1983) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229, 59 S. Ct. 206, 216, 83 L. Ed. 126 (1938)) (emphasis in Bias).  Under this standard, the court "may reject the agency's findings of fact . . . if, considering the record as a whole, a reasonable mind would necessarily come to a different conclusion." Johnston-Willis, Ltd. v. Kenley, 6 Va. App. 231, 242, 369 S.E.2d 1, 7 (1988).

Combining the clear and convincing and substantial evidence standards, an appellate court may affirm the agency's founded determination only if the record contains substantial evidence

---

[4] The new regulations and corresponding guidelines appear to require a different burden of proof for a founded disposition. See 22 Va. Admin. Code 40-705-10; DSS Manual ch. A, pt. 4, G.1 (July 1998 ed.).

-

to support the agency's finding by clear and convincing evidence that the abuse or neglect occurred. See Turner v. Jackson, 14 Va. App. 423, 428-29, 417 S.E.2d 881, 885-86 (1992). We hold no reasonable mind could have concluded, by clear and convincing evidence, that the challenged acts constituted neglect under the guidelines.

The guidelines, as quoted above, provide that inadequate supervision may constitute neglect. However, in order for a one-time event to be sufficient to constitute neglect, it must be "a critical or severe event that results in a threat to health or safety, such as a toddler left alone."[5] Appellant's children were infants and, under the facts of this case, were not subject to the same dangers to which a toddler left alone might be subjected. It was undisputed that when appellant left the house, the infants were asleep in separate cribs which contained no items likely to cause any risk to their safety; that the side rails of the cribs were positioned such that the infants, if they had awakened, would have been unable to get out of the cribs and unable to become trapped between the slats;

_____

[5] The revised manual provides as an example that "the caretaker left a toddler alone for several hours endangering the safety of the child." DSS Manual, ch. A, pt. 2, B.3.0 (July 1998). The prior version of the DSS Manual implied that any instance of leaving a toddler alone was "a critical or severe event that results in a threat to health or safety"; whereas the revised version makes clear that leaving even a toddler alone for a brief period may not necessarily endanger its safety sufficiently to constitute neglect.

-

that the cribs were not located near any other objects, such as cording attached to blinds, on which the infants might injure themselves; and that appellant was gone for less than fifteen minutes.  Finally, appellant told her next-door neighbor that she was leaving and asked her to watch the house.  Although the front door to appellant's home was locked, the record did not establish by clear and convincing evidence that the neighbor would have been unable to gain access to the home if an emergency had arisen.  Under the guidelines, therefore, we hold that no reasonable mind could have concluded, by clear and convincing evidence, that this brief, one-time occurrence constituted neglect.

Nor does the record contain substantial evidence from which the agency could find, by clear and convincing evidence, that appellant's behavior constituted neglect under the statute.  The Commonwealth concedes on brief that appellant's behavior did not violate subsection (1) of the statute because it did not create a "substantial risk of death, disfigurement, or impairment of bodily or mental functions."  It argues that the behavior violated subsection (2), which includes the "neglect[] or refus[al] to provide care necessary for [the child's] health."  For the same reasons the evidence is insufficient to establish a violation of the guidelines, it also is insufficient to establish that appellant failed to provide care "necessary" for the infants' health under the facts of this case.

-

For these reasons, we hold that the doctrine of <u>res</u> <u>judicata</u> is inapplicable in this case but that the evidence was insufficient to establish a violation of either DSS's guidelines or the statute.  Therefore, we reverse the ruling of the circuit court and vacate DSS's determination that the complaint of "Inadequate Supervision--Level Three" against appellant was "Founded."

<u>Reversed and vacated.</u>

Fitzpatrick, C.J., concurring, in part, and dissenting, in part.

I respectfully concur in the majority's holding that the doctrine of <u>res</u> <u>judicata</u> is inapplicable to this case, but disagree with their holding that the trial court erred in upholding the determination of the DSS that a complaint of "Inadequate Supervision--Level Three" against appellant was "Founded." I would hold that leaving nine-month-old twins alone in a locked house, with no supervision therein, and no evidence establishing an ability of the "neighbor" to enter the house in case of fire or other emergency, meets the requirements of Code § 63.1-248.2 and the attendant DSS guidelines.

-