COURT OF APPEALS OF VIRGINIA


Present:    Judges Bumgardner, McClanahan and Senior Judge Willis
Argued by teleconference


JEFFREY M. ALTICE

                                                              OPINION BY
v.        Record No. 1695-04-3           JUDGE ELIZABETH A. McCLANAHAN
                                                             APRIL 19, 2005

ROANOKE COUNTY DEPARTMENT
 OF SOCIAL SERVICES


              FROM THE CIRCUIT COURT OF ROANOKE COUNTY
                          James R. Swanson, Judge

          Terry N. Grimes for appellant.

          Joseph B. Obenshain, Senior Assistant County Attorney, for
          appellee.

          Ellen S. Weinman, Guardian *ad litem* for the minor child.


        Jeffrey M. Altice appeals the trial court's entry of a protective order for a five-year

period.  He contends the trial court erred by:  (1) failing to dismiss the petition for protective

order because it was barred by the doctrines of res judicata and collateral estoppel; and

(2) issuing a protective order for a period of five years in contravention of Code

§ 16.1-278.2(A)(3).  For the reasons stated, we affirm the judgment of the trial court.

                                  I. BACKGROUND

        The Roanoke County Department of Social Services (RCDSS) filed a petition in the

Roanoke County Juvenile and Domestic Relations District Court (JDR court) seeking a

preliminary child protective order against Altice for allegedly neglecting and abusing his infant

child.  The petition stated that "the child is an abused and/or neglected child . . . as supported by

the facts contained in the affidavit submitted to the court by the [RCDSS]."[1] The court entered a preliminary protective order prohibiting Altice from contact with the child until further order. Approximately one week later, the court held an evidentiary hearing and entered an order denying and dismissing the petition.

One week after the dismissal order was entered, RCDSS filed a second petition in the JDR court, again seeking a preliminary child protective order against Altice. At the *ex parte* proceeding on that petition, RCDSS presented testimony from Dr. Donald Kees, who described the physical evidence of sexual abuse to the child. The JDR court entered an *ex parte* preliminary child protective order and scheduled a hearing on the order for that same week. At that hearing, the JDR court denied Altice's motion to dismiss and plea of res judicata. Finding that the injury to the child was consistent with sexual abuse, it entered another preliminary child protective order. At a later dispositional hearing, the JDR court entered a child protective order allowing Altice supervised visitation and contact with the child until further order, to remain in effect until December 31, 2016. Altice appealed the order to the Roanoke County Circuit Court arguing that the second petition and child protective order were barred by the doctrines of res judicata and collateral estoppel. The circuit court denied Altice's motion to vacate and dismiss the order, and the special plea in bar.

Subsequently, the circuit court held evidentiary hearings concerning the second petition. During the circuit court hearing, three witnesses testified who were not at the initial JDR court evidentiary hearing. One of the witnesses, Dr. Kees, described the physical evidence of sexual abuse to the child. That evidence was not admitted at the evidentiary hearing before the JDR court when the first petition was denied and dismissed. In addition, at the circuit court trial, Deborah McClintock, a child sexual abuse specialist, and Pam McGuire, a preschool program

---

[1] The affidavit was not included in the circuit court or in this Court's record.

employee, both testified that the child indicated to them that Altice had hurt her at her genital area.  The circuit court found the evidence sufficient and entered a protective order on behalf of the child against Altice for a five-year period, but permitted him to have supervised visitation.

II.  ANALYSIS

A.  Res Judicata and Collateral Estoppel

One who asserts the defenses of res judicata and collateral estoppel has the burden of proving by a preponderance of the evidence that the claim or issue is precluded by a prior judgment.  Scales v. Lewis, 261 Va. 379, 383, 541 S.E.2d 899, 901 (2001); see also Bernau v. Nealon, 219 Va. 1039, 1047, 254 S.E.2d 82, 85 (1979) ("One who asserts the defense of res judicata has the burden of proving that the very point or question was in issue and determined in the former suit." (citation omitted)).  To prove that a claim or issue is precluded by a former adjudication, "'the record of the prior action must be offered in evidence.'"  Id. at 1041, 254 S.E.2d at 84 (quoting Burk's Pleading and Practice § 357, at 675 (4th ed. 1952)).  "'[C]onsideration of facts outside of and not made a part of the record is improper.'"  Scales, 261 Va. at 383, 541 S.E.2d at 901 (quoting Bernau, 219 Va. at 1041-42, 254 S.E.2d at 84); see also White v. Morano, 249 Va. 27, 30, 452 S.E.2d 856, 858 (1995) (citation omitted); Newton v. Newton, 202 Va. 96, 102, 116 S.E.2d 94, 98 (1960); Darnell v. Barker, 179 Va. 86, 93, 18 S.E.2d 271, 275 (1942); Rules 5A:7, 5A:8.

In this case, at the first evidentiary hearing, the JDR court denied and dismissed the initial petition that was based solely on an affidavit.  On appeal, the record does not contain the affidavit alleged to have been filed with the first petition.  RCDSS supported its second petition with a letter and the testimony of Dr. Kees.  In order for Altice to prove that the second petition was barred by the doctrine of res judicata or collateral estoppel, he had the burden of proving that

the same question was in issue and determined in the first evidentiary hearing.  See Feldman v.

Rucker, 201 Va. 11, 18, 109 S.E.2d 379, 384 (1959) (citations omitted).

The appellate record does not contain the affidavit from the initial evidentiary proceeding

in the JDR court.  It merely contains a petition referencing an affidavit.  The affidavit was not

included in the record on appeal to the circuit court or to this Court, although both petitions

indicated that they were supported by facts contained in the affidavit submitted to the court by

RCDSS.  Without the affidavit from the initial proceeding, no determination can be made as to

the validity of Altice's pleas of res judicata and collateral estoppel.  See Bernau, 219 Va. at 1043,

254 S.E.2d at 85.  Altice has, therefore, failed to meet his burden, and we affirm the decision of

the trial court.

### B.  Duration of the Protective Order

Altice argues that the duration of the circuit court's five-year protective order contravenes

Code § 16.1-278.2(A)(3) because it exceeded the 180-day time period established in the statute.

He argues that the statute mandates that a hearing be held within 150 days to determine further

disposition of the matter, including whether the court will limit or prohibit contact for another

180 days.  Altice's argument is without merit because that code section only limits the duration

of a protective order excluding from the home parents or other adults living in the same dwelling

with the abused child.

Code § 16.1-278.2(A) states, in pertinent part:

> If a child is found to be (a) abused or neglected; . . ., the juvenile
> court or the circuit court may make any of the following orders of
> disposition to protect the welfare of the child:
>
> *     *     *     *     *     *     *
>
> (3) prohibit or limit contact as the court deems appropriate between
> the child and his parent or other adult occupant of the same
> dwelling whose presence tends to endanger the child's life, health
> or normal development.  The prohibition may exclude any such

individual from the home under such conditions as the court may prescribe for a period to be determined by the court but in no event for longer than 180 days from the date of such determination. A hearing shall be held within 150 days to determine further disposition of the matter that may include limiting or prohibiting contact for another 180 days.

Altice cites, out of context, only the third sentence of this code subsection for the proposition that the durational provision mandates that a hearing must "be held within 150 days to determine further disposition of the matter that may include limiting or prohibiting contact for another 180 days." He also asserts that the provision of the statute "of the same dwelling" modifies only "other adult occupant" and not "parent," and, therefore, applies to Altice, allowing him to invoke the 180-day limitation, despite his residence outside the child's home.

Under general rules of statutory construction, we examine a statute in its entirety rather than by isolating particular words or phrases. Akers v. Fauquier Co. Dep't. of Soc. Servs., 44 Va. App. 247, 257, 604 S.E.2d 737, 741 (2004) (citation omitted). In doing so, we find that the phrase "parent or other adult occupant of the same dwelling" functions as a single, integral component and is read without a pause. See Beales v. Maryland, 619 A.2d 105, 109 (Md. 1993). Further, the sentence directly following the reference to "parent or other adult occupant of the same dwelling," specifically addresses the court's ability to "exclude *any such individual* from *the home*." Code § 16.1-278.2(A)(3) (emphasis added). In referring to "any such individual," and explicitly allowing the court to exclude that individual from "the home," the legislature was addressing a situation where an abused child occupied the same home as the abusive parent or other adult occupant. We see nothing in the language of the statute that dictates one treatment for a parent and a different treatment for "other adult occupant." Thus, the statutory language that appellant relies on only applies when the subject of a protective order is excluded from a home or dwelling.

Altice no longer resided in the same home as the child when the protective order was entered. The five-year limitation on visitation was clearly within the trial court's discretion as appropriate to protect the child's life, health, and normal development. See Code § 16.1-253; see also Goldhamer v. Cohen, 31 Va. App. 728, 734-35, 525 S.E.2d 599, 602 (2000) ("A trial court's determination of matters within its discretion is reversible on appeal only for an abuse of that discretion . . . and a trial court's decision will not be set aside unless plainly wrong or without evidence to support it." (citations and internal quotations omitted)).

## III. CONCLUSION

Accordingly, we hold that Altice failed to meet his burden of proving that res judicata and collateral estoppel apply. Further, we hold that the trial court did not err in entering a protective order limiting visitation for a period of five years on behalf of the child. We affirm the judgment of the trial court.

Affirmed.