COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Clements and Beales
Argued at Richmond, Virginia


JAMES DELESLIE KENNEDY

                                                MEMORANDUM OPINION[*] BY
v.        Record No. 0218-06-2              JUDGE JEAN HARRISON CLEMENTS
                                                   OCTOBER 24, 2006
MILDRED D. KENNEDY


              FROM THE CIRCUIT COURT OF HENRICO COUNTY
                            Gary A. Hicks, Judge

            Diane Christensen (Woods & Christensen, on brief), for appellant.

            John H. Goots (Bynum, Coleman, Goots & Muzi, L.L.P, on brief),
            for appellee.


       James Deleslie Kennedy (husband) appeals the December 20, 2005 final decree granting

Mildred D. Kennedy (wife) a divorce on the ground of cruelty and adjudicating the issues of

equitable distribution, spousal support, and attorney's fees.  On appeal, husband contends the

trial court erred in awarding wife (1) a divorce on the ground of cruelty, (2) sixty-five percent of

the marital value of the parties' residence, (3) fifty-five percent of the value of husband's Edward

Jones IRA, (4) $400 per month in spousal support, and (5) $2,500 in attorney's fees.  Husband

further requests an award of his attorney's fees and costs incurred in pursuit of this appeal.  For the

reasons that follow, we affirm the trial court's judgment in part, reverse the trial court's

judgment in part, remand for reconsideration consistent with this opinion, and deny husband's

request for appellate attorney's fees and costs.

_____

       [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, this opinion recites only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

## I. PROCEDURAL BACKGROUND

The parties married on May 31, 1984, and separated on October 15, 2003. No children were born of the marriage.

On October 21, 2003, wife filed a bill of complaint for divorce on the grounds of adultery and cruelty. Husband filed an answer denying wife's allegations of adultery and cruelty.

On December 19, 2003, the trial court entered a *pendente lite* order directing husband to pay wife $1,000 per month in spousal support. On November 15, 2004, wife filed a motion for a rule to show cause against husband alleging arrearages of $2,000 in the court-ordered spousal support. The trial court conducted a hearing on the motion on December 13, 2004, but no apparent action was taken at that time. Another hearing on wife's previously filed show cause motion was held on February 28, 2005. The trial court found the evidence sufficient to grant the requested rule to show cause but withheld a finding and continued the matter on the docket. On May 26, 2005, wife again filed a motion for a rule to show cause alleging husband was $2,000 in arrears in his spousal support payments. That motion was noticed for hearing on July 5, 2005.

On July 5, 2005, the trial judge heard evidence concerning the grounds of divorce, equitable distribution, spousal support, husband's spousal support arrearage, and attorney's fees and received the parties' joint stipulations and respective exhibits. Per the judge's directive, the parties subsequently submitted their closing arguments in writing.

In a letter opinion dated November 30, 2005, the trial judge concluded that wife was entitled to a divorce from husband on the ground of cruelty. The judge further concluded, *inter alia*, that

- 2 -

wife was entitled to sixty-five percent of the marital portion of the proceeds from the sale of the marital residence, fifty-five percent of the value of husband's Edward Jones IRA, $400 per month in spousal support, and $2,500 in attorney's fees and costs. The judge entered a final decree memorializing his rulings on December 20, 2005.

This appeal followed.

## II. GROUNDS OF DIVORCE

Husband contends wife failed to prove her allegation of cruelty. Specifically, husband argues that wife's evidence was insufficient to prove his single act of misconduct constituted cruelty and that wife failed to present sufficient evidence to corroborate her allegation of cruelty. Thus, husband concludes, the trial court erred in granting wife a divorce on the ground of cruelty. We disagree.

Code § 20-91(A)(6) authorizes a divorce from the bond of matrimony on the ground of cruelty. "[T]he misconduct [that] will form a good ground for [divorce] must be very serious and such as amounts to extreme cruelty, entirely subversive of the family relations rendering the association intolerable." Zinkhan v. Zinkhan, 2 Va. App. 200, 209, 342 S.E.2d 658, 663 (1986). The long-established rule is that "the cruelty that authorizes a divorce is anything that tends to bodily harm and thus renders cohabitation unsafe." Latham v. Latham, 71 Va. (30 Gratt.) 307, 320-21 (1878). Moreover, "a single act of physical cruelty will constitute grounds for divorce if it is so severe and atrocious as to endanger life [or] it indicates an intention to do serious bodily harm." Davis v. Davis, 8 Va. App. 12, 15, 377 S.E.2d 640, 642 (1989). "[B]efore a spouse may obtain a divorce, he or she must prove the grounds therefor and no complaint for divorce shall be defaulted, taken for confessed, or granted upon the pleadings or upon uncorroborated testimony." Clark v. Clark, 11 Va. App. 286, 296, 398 S.E.2d 82, 88 (1990) (citing Code § 20-99).

We view the evidence, and all reasonable inferences flowing from the evidence, in a light most favorable to wife, the party who prevailed below. Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 835 (2003). "That principle requires us to 'discard the evidence' of the appellant which conflicts, either directly or inferentially, with the evidence presented by the appellee at trial." Id. (quoting Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002)).

So viewed, the evidence presented at trial proved that, on October 15, 2003, husband returned home about 10:00 p.m. and told wife he was leaving her. After an argument, husband chased wife upstairs. When wife threw husband's clothes, telling him to take his clothes and leave, husband picked wife up and threw her across the bed. Wife landed on the floor "between the bed and the nightstand," severely injuring her neck. Because of her injuries, including the inability to chew, wife went to the hospital the next day. X-rays revealed that wife had suffered a fractured jaw. Wife was also found to have sustained a neck sprain and bruising and swelling in her neck, shoulder, and jaw as a result of the assault. After the hospital staff reported wife's injuries to the police, husband was arrested and charged with assault and battery. Husband eventually pled *nolo contendere* to the charge, admitting there was sufficient evidence to find him guilty, and the juvenile and domestic relations district court entered a protective order against him.

In addition, wife's friend Marsha Clements testified at trial that she saw wife on October 16, 2003, "the day after the assault," and observed bruising on her jaw, neck, and shoulder. Clements further testified that wife "was having difficulty talking" and was in obvious pain. Clements encouraged wife to seek medical treatment.

We conclude that husband's picking wife up and throwing her across the bed and onto the floor causing her to sustain serious injuries was conduct "so severe and atrocious as to

- 4 -

endanger life" and "indicate[d] an intention to do serious bodily harm." Davis, 8 Va. App. at 15, 377 S.E.2d at 642. Accordingly, we hold that husband's "single act of physical violence" against wife constituted cruelty. Id.

We further conclude that wife presented sufficient evidence to corroborate her allegation of cruelty. As our Supreme Court has stated:

> It is not necessary that the testimony of the complaining spouse be corroborated on every element or essential charge stated as a ground for divorce. The corroborative testimony need not be sufficient, standing alone, to prove the alleged ground for divorce. Any other rule would deprive the testimony of the complaining spouse of any practical effect. The general rule is that where a particular fact or circumstance is vital to complainant's case, some evidence of the same, in addition to the complainant's own testimony, is essential. The main object of the provision of the statute requiring corroboration is to prevent collusion. Where it is apparent that there is no collusion, the corroboration needs to be only slight.

Graves v. Graves, 193 Va. 659, 662-63, 70 S.E.2d 339, 340 (1952). Here, there is no appearance in the record of collusion between the parties. The testimony of wife's friend regarding the visible injuries sustained by wife corroborated wife's testimony regarding the essential fact that husband committed an act of physical violence against wife that caused her serious bodily harm. Accordingly, the testimony of wife's friend was sufficient to satisfy the corroboration requirement.

We hold, therefore, that the trial judge did not err in granting wife a divorce on the ground of cruelty.

### III. EQUITABLE DISTRIBUTION

"In reviewing an equitable distribution award on appeal, we have recognized that the trial court's job is a difficult one, and we rely heavily on the discretion of the trial judge in weighing the many considerations and circumstances that are presented in each case." Klein v. Klein, 11 Va. App. 155, 161, 396 S.E.2d 866, 870 (1990). Such an award "will not be reversed 'unless it

- 5 -

appears from the record that the [trial judge] has abused his discretion, that he has not considered or misapplied one of the statutory mandates, or that the evidence fails to support the findings of fact underlying his resolution of the conflict of the equities.'" Hart v. Hart, 27 Va. App. 46, 53, 497 S.E.2d 496, 499 (1998) (quoting Robinette v. Robinette, 10 Va. App. 480, 486, 393 S.E.2d 629, 633 (1990)). "[A] trial court 'by definition abuses its discretion when it makes an error of law.'" Shooltz v. Shooltz, 27 Va. App. 264, 271, 498 S.E.2d 437, 441 (1998) (quoting Koon v. United States, 518 U.S. 81, 100 (1996)). Thus, a trial judge abuses his discretion if he "use[s] an improper legal standard in exercising [his] discretionary function." Thomas v. Commonwealth, 263 Va. 216, 233, 559 S.E.2d 652, 661 (2002).

A.  Distribution of Marital Residence

As previously mentioned, the trial court heard evidence related to equitable distribution on July 5, 2005. The parties presented no evidence at that hearing of any repairs that were needed in order to sell the marital residence or of the parties' contributions toward any such repairs. The parties sold the marital residence in early November 2005. On November 22, 2005, wife's counsel sent the trial court (with a copy to husband's counsel) a letter inquiring about the status of the court's equitable distribution ruling and providing information to the court regarding the sale of the residence. Among other things, the letter informed the court as follows:

> Mr. Kennedy has refused to contribute towards the repairs done by Embers Painting ($130.00) and Links Heating & Air ($70.00). Mrs. Kennedy advanced the funds for payment to the service provider.

In awarding wife sixty-five percent of the marital portion of the proceeds from the sale of the marital residence, the trial judge noted in his letter opinion of November 30, 2005, as follows:

> The Court . . . finds it significant that Mrs. Kennedy contributed to the repairs needed for the sale of the marital residence while Mr. Kennedy did not. . . . The Court awards Mrs. Kennedy 65% of the [marital] proceeds from the marital residence, approximately seventy-seven thousand one hundred five dollars and

fifty-four cents ($77,105.54). Mr. Kennedy is awarded the
remaining 35% of the proceeds, approximately forty-one thousand
five hundred eighteen dollars and thirty-seven cents ($41,518.37).
The Court has carefully considered each of the statutory factors
enumerated in [Code] § 20-107.3, including the grounds for divorce,
as well as the evidence before the Court in making this award.

In his objections to the final decree of divorce, husband objected to the trial court's use of the *ex parte* evidence in distributing the proceeds from the sale of the marital residence and requested an evidentiary hearing with regard to that evidence. The trial judge entered the final decree without conducting an evidentiary hearing or amending his ruling.

On appeal, husband contends the trial judge erred in relying on the *ex parte* information in wife's counsel's letter as a basis for awarding wife sixty-five percent of the marital value of the parties' residence. That information, husband argues, was not properly in evidence before the court and was thus utilized by the judge in violation of the prohibition against the consideration of "facts" not in evidence. Wife concedes that the trial judge improperly relied on the *ex parte* information in her counsel's letter without providing husband an opportunity to be heard on that information. She asserts, however, that the judge's reliance on that information was harmless and, thus, not reversible error. We disagree with wife's assertion.

It is axiomatic that a trial court may not base its findings and conclusions on facts that are not properly in evidence before the court. See, e.g., Bernau v. Nealon, 219 Va. 1039, 1041-42, 254 S.E.2d 82, 84 (1979) ("The consideration of facts outside of and not made a part of the record is improper."); see also M. Morgan Cherry & Assocs. v. Cherry, 38 Va. App. 693, 710, 568 S.E.2d 391, 399 (2002) (en banc) (Benton, J., dissenting) (noting that a party who is not given the opportunity to challenge or rebut evidence considered significant by the trial judge is "denied the essence of due process" (citing Goldberg v. Kelly, 397 U.S. 254, 267 (1970) ("The fundamental requisite of due process of law is the opportunity to be heard."))).

Here, it is clear that the information in the November 22, 2005 letter regarding husband's failure to contribute to the repairs needed for the sale of the marital residence constituted "facts" that were not properly before the court. That information was not received into evidence by the trial judge at an evidentiary hearing, and husband had no opportunity to properly challenge or rebut it. It is also clear that the trial judge considered that information as evidence and erroneously relied on it in determining the equitable distribution of the proceeds from the sale of the marital residence. Indeed, the trial judge expressly stated that he found it "significant" that husband did not help pay for the needed house repairs. Moreover, the judge provided no other specific reason for his decision.

Because the judge's decision was expressly based on his erroneous consideration of "facts" not in evidence, we cannot say that the judge's reliance on the information in the letter was harmless. Accordingly, we hold that the trial court committed reversible error in relying on that information.

### B. Distribution of Husband's IRA

Husband next challenges the trial court's award to wife of fifty-five percent of the value of his Edward Jones IRA. Specifically, husband argues the trial judge erred in considering the parties' future earning capacity in making that award. We agree.

In addressing the factors to be considered in fashioning an equitable distribution award, we have held that Code § 20-107.3(E) "does not contemplate consideration of [a spouse's] earning capacity." Reid v. Reid, 7 Va. App. 553, 565, 375 S.E.2d 533, 540 (1989).

> Code § 20-107.3 provides for the equitable distribution of the *accumulated* marital wealth between the marital parties; it does not contemplate consideration of the *future* ability of one spouse to accumulate what will be separate property or the *future* needs of the other spouse. In short, the marital partnership notion terminates with the termination of the marriage and whatever marital wealth has been accumulated is to be equitably distributed at that time. It is axiomatic that whatever the future may hold for

either of the parties has no bearing on the issue of the appropriate division of what has been accumulated by their contributions during the marriage.

Id.

Here, in concluding that wife was entitled to fifty-five percent of the value of husband's Edward Jones IRA, the trial judge stated in his letter opinion as follows:

The Court also considered as a factor in this equitable distribution, pursuant to [Code] § 20-107.3(E)(11), the earning capacities of the parties. Mr. Kennedy is able to work and has steady and dependable employment with AmeriGas. Mrs. Kennedy is also able to work and currently has steady employment; however, the testimony before the Court was that her employment was classified and could be terminated at any time. In addition, the testimony revealed that Mrs. Kennedy is not granted any retirement benefits through the City of Richmond based on her job classification. She testified that she has applied for other positions and was granted interviews but has failed to obtain more secure employment. She has consistently worked and contributed to the well-being of the family throughout the marriage.

Applying the principles set forth in Reid to the circumstances of this case, it is clear that the trial judge erroneously considered the future "earning capacities of the parties" in arriving at his decision to award wife fifty-five percent of the value of husband's Edward Jones IRA. The fact that wife's employment could be terminated at any time and the fact that wife would not receive retirement pay in connection with her current job have no bearing on the marital wealth accumulated by the parties during the marriage. Thus, they were not proper factors to consider under Code § 20-107.3. Accordingly, we hold that the trial judge erred in considering the parties' future earning capacities in determining the equitable distribution of the value of husband's IRA.

Wife argues that this Court permitted the trial court to address the future needs of a spouse in Torian v. Torian, 38 Va. App. 167, 181, 562 S.E.2d 355, 362-63 (2002), where we affirmed the trial court's decision to award the husband one hundred percent of a pension he was

already receiving based on the fact that he was sixty-seven years old and no longer eligible to work full time. Wife's reliance on Torian is misplaced, however. In Torian, the parties had significant accumulated marital assets but little actual income. Id. at 172-73, 178, 562 S.E.2d at 358, 361. Thus, the trial court attempted, in equitably distributing husband's pension, to ensure that husband had a sufficient income and the ability to pay the court-ordered spousal support to the wife without having to liquidate his asset base. Id. at 181, 562 S.E.2d at 362-63. Given that factual context, we found the trial court's ruling did not constitute an abuse of discretion. Id. at 181, 562 S.E.2d at 363. The instant case does not involve the same factual scenario or cash flow concern and is thus distinguishable.

For these reasons, we reverse the equitable distribution award and remand for reconsideration.

## IV. SPOUSAL SUPPORT

Husband further contends the trial court erred in awarding wife $400 per month in spousal support because the record contains insufficient evidence to support that award and the trial court failed to provide any rationale for the award. We agree that the trial judge failed to provide the requisite written findings and conclusions supporting the award.

Code § 20-107.1(F) provides, in pertinent part, that, "[i]n contested cases in the circuit courts, any order granting, reserving or denying a request for spousal support shall be accompanied by written findings and conclusions of the court identifying the factors in subsection E which support the court's order." Thus, while a trial court is not "required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors" in Code § 20-107.1(E), Woolley v. Woolley, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986), it is required, under Code § 20-107.1(F), to identify those factors listed in Code § 20-107.1(E) that support the court's award of spousal support.

- 10 -

Here, the trial judge explained his award to wife of $400 per month in spousal support solely as follows:

> The Court does not find that Mrs. Kennedy's actions surrounding the separation of the parties were such that they would bar her from recovering spousal support or of the nature that they would constitute an independent ground for divorce. In making the award of spousal support, the Court carefully considered the factors enumerated in [Code] § 20-107.1.

Because this explanation fails to include any findings and conclusions identifying the factors listed in Code § 20-107.1(E) that support the trial judge's award of spousal support, we conclude the judge erred in failing to comply with Code § 20-107.1(F).[1] Accordingly, we reverse the spousal support award and remand for reconsideration. Moreover, where, as here, the "equitable distribution award is reversed on appeal and 'the provisions with regard to the marital property are to be considered on remand, the court must necessarily re-examine spousal support in the light of whatever new or different considerations flow from the additional proceedings.'" Robinson v. Robinson, 46 Va. App. 652, 671, 621 S.E.2d 147, 156 (2005) (en banc) (quoting McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 161 (1985)).

## V. ATTORNEY'S FEES

Husband also contends the trial court abused its discretion in awarding wife $2,500 in attorney's fees and costs because that award was unsupported by the evidence. We agree.

"Courts have the power to award counsel fees incurred in divorce cases where contempt proceedings have to be initiated and conducted to enforce an order of the court." Carswell v. Masterson, 224 Va. 329, 332, 295 S.E.2d 899, 901 (1982). "In such cases, an award of attorney's fees is a matter submitted to the sound discretion of the trial judge and is reviewable on appeal only for an abuse of discretion." Sullivan v. Sullivan, 33 Va. App. 743, 753, 536 S.E.2d 925, 930 (2000).

---

[1] Given the trial judge's failure to provide any factual basis for the spousal support award, we are unable to determine whether the record contains sufficient evidence to support that award.

"[T]he key to a proper award of counsel fees [is] reasonableness under all of the circumstances revealed by the record." McGinnis, 1 Va. App. at 277, 338 S.E.2d at 162. "In determining a reasonable fee, the fact finder should consider such circumstances as the time consumed, the effort expended, the nature of the services rendered, and other attending circumstances." Mullins v. Richlands National Bank, 241 Va. 447, 449, 403 S.E.2d 334, 335 (1991).

> Although evidence of time expended by counsel and the charges made to the client is the preferred basis upon which a trial judge can formulate a reasonable award, it is not the only basis. A trial court is not unmindful of the usual charges within its jurisdiction, and when viewed in the light of the circumstances of a particular case, a relatively modest award may be found to be reasonable.

McGinnis, 1 Va. App. at 277, 338 S.E.2d at 162.

Here, it is undisputed that the trial judge had the authority to award wife the attorney's fees and costs she incurred "incident to contempt proceedings instituted and conducted to obtain enforcement of" the December 19, 2003 *pendente lite* order directing husband to pay wife $1,000 per month in spousal support. Carswell, 224 Va. at 332, 295 S.E.2d at 901. In awarding wife $2,500 in attorney's fees and costs, the trial judge stated in his letter opinion as follows:

> On February 28, 2005, the parties appeared before the Court for a Show Cause hearing. Mr. Kennedy was in arrears on his spousal support payments as ordered by the Court in the amount of two thousand dollars ($2,000.00). The Court granted the Show Cause but withheld a finding at that time. Mrs. Kennedy filed a second Motion for Show Cause on May 26, 2005 relating to that arrearage. The parties stipulate and agree that an arrearage still remains.
> Mrs. Kennedy is awarded her attorney's fees and costs in the amount of two thousand five hundred dollars ($2,500.00) relating to her Show Cause motions, hearings, and inconvenience. Mr. Kennedy did not pay support as ordered by the Court; therefore, such attorney's fees are fair and equitable. The Court finds that the amount of the fees is fair and reasonable.

It is clear from this ruling that the trial judge intended to limit the scope of the award of attorney's fees and costs to those fees and costs incurred by wife incident to her two show cause motions and the hearings held thereon.

At trial, wife offered into evidence an itemized "Statement of Services" prepared by her counsel listing the attorney's fees and costs incurred by wife in the case prior to trial. That statement reflected a total of $1,200 in attorney's fees and costs incurred by wife for the enforcement of the December 19, 2003 spousal support order. They consisted of two hours at $200/hour on November 12, 2004, for the "Preparation of Motion for Show Cause regarding spousal support arrearage"; two hours at $200/hour on December 13, 2004, for a "Court Hearing [on] Motion for Show Cause"; and two hours at $200/hour on February 28, 2005, for a "Court Hearing [on] Motion for Show Cause." The "Statement of Services" made no reference to the second motion for a rule to show cause filed by wife on May 26, 2005.

Nonetheless, as noted above, the trial judge specifically included the second show cause motion in his award to wife of attorney's fees and costs. Indeed, given the difference between the total award ($2,500) and the fees and costs reported in the "Statement of Services" for the other show cause motions and hearings ($1,200), it appears the trial judge awarded wife $1,300 in attorney's fees and costs for the second show cause motion.

Our review of the record reveals that such an award for the second show cause motion is unsupported by the evidence. Except for the insertion of a different date and the correction of appellant's name, the second show cause motion was identical to the original November 15, 2004 show cause motion. Indeed, as the "Statement of Services" indicates, wife's counsel did not even charge wife for the preparation of the second motion. Moreover, as reflected in the trial judge's ruling, the fact that husband owed wife a spousal support arrearage of $2,000 was not in dispute. The parties stipulated at trial that there was "a $2,000 arrearage in spousal support payments by

husband." The only evidence presented at trial pertaining to the enforcement of the December 19, 2003 spousal support order was husband's admission on cross-examination that he continued "to be $2,000 in arrears . . . on spousal support." Husband requested that the arrearage be deducted "from his equitable distribution award." No other evidence or argument was presented with regard to the second show cause motion.

In light of the apparent "time consumed, the effort expended, the nature of the services rendered, and other attending circumstances," Mullins, 241 Va. at 449, 403 S.E.2d at 335, we conclude that the trial judge's award of $1,300 for the second show cause motion is excessive. Accordingly, we hold the trial judge abused his discretion in making that award, and we reverse the award of attorney's fees and costs and remand for reconsideration.

Husband also seeks an award of his appellate attorney's fees and costs. However, he offers no reason to require wife to pay any of his appellate expenses. Because nothing in the record indicates wife "generated unnecessary delay or expense in pursuit of [her] interests" in defending this appeal, Estate of Hackler v. Hackler, 44 Va. App. 51, 75, 602 S.E.2d 426, 438 (2004), we deny husband's request for appellate attorney's fees and costs. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).

## VI. CONCLUSION

For these reasons, we affirm the trial court's decision awarding wife a divorce on the ground of cruelty; we reverse the trial court's equitable distribution award, spousal support award, and award of attorney's fees and costs and remand those matters for reconsideration consistent with this opinion; and we deny husband's request for appellate attorney's fees and costs.

Affirmed in part, reversed in part, and remanded.